PELEG T. JONES, appellant,

*vs.*

AMANDA P. McLELLAN and others.

Sagadahoc. Opinion February 27, 1884.

*Wills. Undue influence. Evidence.*

At a trial before the jury upon the questions arising upon the probate of a contested will, the proponent requested the following instruction: "That if the jury find that the testator was of sound mind at the time of executing the will they are at liberty to consider his declarations to the attesting witnesses at the time of the execution of the will as evidence of the facts stated, though his declarations at all other times are not to be considered by them as evidence of the facts stated."

*Held*, the ruling requested was correctly and legally refused.

ON exceptions and motions.

Probate of the will of William F. Jones late of Bowdoin. The jury found that the testator was of sound mind but that the will was procured by undue influence of the legatee.

The head note and the opinion state the material facts.

*J. W. Spaulding and F. J. Buker*, for the appellant.

*S. C. Whitmore*, for the appellees.

SYMONDS, J.. During the trial of an issue before the jury relating to the soundness of mind of the testator and to the exercise by the appellant of undue influence in procuring the alleged will, declarations of the testator to the attesting witnesses at the time of executing the will, to the effect that he had written it himself just as he desired to have it; that he had given his property to the appellant because he was the only one who had taken any interest in him or visited or cared for him; that no influence had been exercised or dictation attempted by anybody in regard to the provisions of the will, were received as evidence of the testator's state of mind at the time when the declarations were made, competent for the consideration of the jury so far as they served the purpose of reproducing the man himself before them, and thereby aided them in judging of his capacity and the freedom of his action. The fact that he made such declarations became a part of the evidence in the case. If that fact, in view of all the circumstances, had a tendency, in the judgment of the jury, to prove that his mind was sound and free from undue influences when he made the will, the appellant under the ruling given had the benefit of it. In other words, the testimony was allowed its full force so far as it tended to disclose the testator's understanding or consciousness of the reasons or motives operating on his own mind; that he was not aware of any tendency or impression produced upon his mind by external influences, that he was conscious only of a free exercise of his volition, induced by his affection and gratitude towards his brother, the appellant.

But when it was sought by the request to go beyond this subjective character of the declarations in evidence and to give them an effect, objectively, to prove the existence of external facts such as the declarations averred to exist, the ruling requested was correctly and legally refused. That the testator said at the time of executing the will that the appellant was the only relative who had any interest in him, or came to see him, or took care of him when he was sick, that others only came to steal what they could get, was evidence of his own judgment and feeling in regard to these relatives, not of the truth of his statements about them; that at the same time he said he had written his will

just as he wished it to be, without dictation or influence, was evidence that that was his state of mind in regard to it, that so far as he was himself aware his act was a voluntary one, not the result of the exercise of the illegal influence which was charged. The probability or improbability, upon the whole case, of the exercise of such an influence without the testator's knowledge was matter of argument; but the appellant was not entitled to a ruling that this declaration was evidence of the absence of such influence as a fact by itself, apart from the testator's consciousness. The fallacy of the request is in its attempt to make the mere declarations of the testator evidence of circumstances, conduct, events, when their true office is to reveal his mind, and thereby to aid the jury in deciding the issue whether the alleged will was, or was not, the voluntary act of a sane person.

The exception to the refusal to give the requested instruction is sustained in argument upon the ground (stated also in the request itself) that declarations of a testator, accompanying the act of executing a will, are "evidence of the facts stated, though his declarations at other times are not to be considered as evidence of the facts stated." We think this distinction is not supported by the authorities on the subject. In *Shailer* v. *Bumstead*, 99 Mass. 120, it is said, "The declarations of the testator accompanying the act must always be resorted to as the most satisfactory evidence to sustain or defend the will whenever this issue is presented. So it is uniformly held that the previous declarations of the testator, offered to prove the mental facts involved, are competent. Intention, purpose, mental peculiarity and condition, are mainly ascertainable through the medium afforded by the power of language. Statements and declarations, when the state of the mind is the fact to be shown, are therefore received as mental acts or conduct. The truth or falsity of the statement is of no consequence. As a narration, it is not received as evidence of the fact stated. It is only to be used as showing what manner of man he is who makes it." This case is cited in 1 Greenl. Ev. § 108, as authority for the statement that "upon an inquiry as to the state of mind, sentiments or disposition of a

person at any particular period, his declarations and conversations are admissible. They are parts of the *res gestœ*."

"It should at the same time be remembered that as primary proof that a testator was influenced, in making the will, by fraud or compulsion, his declarations are inadmissible. In such relation they are to be regarded as hearsay. But while such declarations are not admissible to prove the actual fact of fraud or improper influence by another, they may be competent to establish the influence and effect of the external acts upon the testator himself." Whart. Ev. § 1010; *Robinson* v. *Adams*, 62 Maine, 369.

In regard to another class of declarations by the testator, those received as evidence of his intention, Lord DENMAN said in *Doe* v. *Allen*, 12 Ad. and El. 92: "Cases are referred to in the books to show that declarations contemporaneous with the will are alone to be received, but on examination none of them establish such a distinction. Neither has any argument been adduced which convinces us that those subsequent to the will ought to be excluded, wherever any evidence of declaration can be received. They may have more or less weight according to the time and circumstances under which they were made, but their admissibility depends entirely on other considerations."

It is the opinion of the court that the motions for new trial and for probate of the will notwithstanding the verdict, as well as the exceptions, should be overruled.

> *Exceptions and motions overruled. The decree of the probate court affirmed. The instrument purporting to be the last will and testament of William F. Jones disallowed and rejected, he decreed to have died intestate, and the case remanded to the probate court for further proceedings. The proponent not to recover or pay costs. The contestants to recover costs, to be taxed as between attorney and client, to be paid out of the estate.*

PETERS, C. J., WALTON, DANFORTH and VIRGIN, JJ., concurred.