A. R. HURD v. TEXAS BREWING COMPANY.

Decided May 20, 1899.

**1.  Pleading by Plaintiff—Confession and Avoidance.**

Where plaintiff sued as the absolute owner of corporate stock for dividends payable thereon, and the defendant answered that plaintiff was a mere trustee, holding the naked legal title to secure the payment of a note, and that the dividends had aready been paid to the cesti que trust and real owner, plaintiff could not, without further pleading, show what he also held as trustee to secure certain other notes to which the dividend should have been in part applied, as this was matter in the nature of confession and avoidance, and the omission was not cured by virtue of an allegation in the answer that a surplus due on the stock had been wrongfully applied by the cestui que trust to one of such other notes.

**2.  Practice—Amendment of Pleadings.**

Refusal of leave to file a trial amendment will not be deemed an abuse of the court's discretion where the grounds of the ruling and the circumstances relating thereto are not set out in the bill of exceptions. Rev. Stats., arts. 1188, 1361.

ERROR from Tarrant.    Tried below before Hon. IRBY DUNKLIN.

*Bomar & Bomar,* for plaintiff in error.

*W. R. Sawyers,* for defendant in error.

CONNER, CHIEF JUSTICE.—Briefly stated, this was a suit by plaintiff in error against defendant in error in which it was alleged by plaintiff in substance, that in January, 1895, defendant in error declared a dividend of $1900 on 475 shares of its capital stock at the time and theretofore owned by plaintiff in error, which it had failed to pay plaintiff.

Defendant in error answered, in substance, that plaintiff was not the real owner of said stock; that it had been issued to said plaintiff in error as naked trustee only, to secure a debt of $46,000 due the National Bank of Commerce by the firm of Casey & Swasey, a copartnership composed of Martin Casey and C. J. Swasey; that said bank was at the time of said dividend the real owner of said stock, and that said dividend had been paid to Casey & Swasey, who paid the same to said bank, since which time Casey & Swasey had paid off and discharged the said $46,000 indebtedness, and it impleaded Casey & Swasey and prayed for judgment against them for any sum that might be adjudged against it.

Casey & Swasey appeared and answered, setting up substantially the same facts as set up by defendant in error, and further alleged that said $46,000 indebtedness had been paid off by the sale of said 475 shares of stock by said bank with which it had been deposited as security as aforesaid, and that the proceeds of such sale resulted in an excess of $785 that had been by said bank illegally applied to an individual indebtedness of Martin Casey.

There was a trial and judgment January 18, 1898, that plaintiff in error take nothing as against defendant in error, and that defendant in error take nothing as against Casey & Swasey.

The following facts were shown:

The certificate of stock described by the plaintiff in error was issued to Andrew R. Hurd for 475 shares in May, 1894, transferable only on the books of the company, the shares being for $100 each. On July 16, 1894, a note for $46,000, given for the indebtedness above referred to, was signed by Casey & Swasey, Martin Casey, and C. J. Swasey. In said note it was recited that said stock was pledged as collateral security to secure the same. It had the following further provision: "Deposited with said bank as collateral security for the payment of this note, and to be held as security for the payment of this or any other liability of the undersigned to said bank due or to become due, now contracted or hereafter to be contracted, the following property." Said 475 shares of stock were then described. Said note also gave the bank the right to sell said stock, in case of default, etc.

It was shown by the cashier of the said National Bank of Commerce that 475 shares of the capital stock of the brewing company was turned over to the National Bank of Commerce as collateral to secure said note, and it was agreed that the same should be issued by the brewing com-

pany in the name of Andrew R. Hurd and held as collateral to secure said bank in the payment of said note; that said Hurd had no interest at any time in said stock save·as trustee; that about March 25, 1895, said note fell due and was paid by the sale of said collateral of 475 shares of stock, under the power of sale in the note; that there was left after the payment of said note by the sale of the collateral, $785.

It was further shown that a dividend of four per cent on the capital stock of the Texas Brewing Company had been declared in January, 1895, said dividend amounting to the said sum of $1900, and that said dividend was paid to Casey & Swasey. It was further shown by Martin Casey, among other things, that he had collected said dividend in January, 1895, and paid the same to the National Bank of Commerce.

The court excluded evidence offered by plaintiff in error to show that the stock in question was held as collateral to secure the payment of two other notes besides the $46,000 note, on the.ground that plaintiff had not pleaded said other notes. The other notes referred to were, one note executed by Martin Casey, payable to John Foster, cashier, for the sum of $7975, dated February 17, 1893, payable six months after date, with interest from maturity at 8 per cent per annum; and second, one note for $10,000 dated January 1, 1891, executed by the Huffman Implement Company to Sallie Huffman and indorsed by C. J. Swasey, said note being indorsed to the National Bank of Commerce. After the exclusion of this evidence plaintiff asked leave to file a trial amendment, so as to authorize the introduction of said testimony, which was refused, and the court instructed the jury to find for defendant, which was done, resulting in judgment as aforesaid. The assignments of error call in question the action of the court in so excluding said evidence, and in refusing to permit said amendment.

We are of opinion that no error in this has been shown. It is clear that plaintiff in error sued as the legal and absolute owner of the stock in question. No other right is set up in his petition. The defendant in error's answer was to the effect that he was but the naked holder of the legal title, for the purpose of securing the payment of a note given by Casey & Swasey to the National Bank of Commerce, which note had been in fact paid. This, if true, certainly constituted a perfect defense to plaintiff's cause of action. So far as shown by the record, plaintiff in error makes no answer to this defense, but by force of the statute it is to be considered ·denied. So stood the issues as`made by the pleadings when the parties went to trial.

The fact, if true, that plaintiff in error held title as trustee to secure the payment not only of the note for $46,000, as alleged by defendants, but also for the payment of the two notes offered in evidence, was in the nature of a plea in confession and avoidance, and we think should have been pleaded in answer to the defense presented.

It is insisted that defendants pleaded such other note or notes, and that therefore the omission is cured. We can not agree to this construction of the pleadings. It is true that, among other things, Casey &

Swasey stated in their answer, which was also adopted by defendant in error, that after the payment of the $46,000 note there was a surplus of $785 that had been illegally applied on an individual note, describing one of the notes so offered in evidence by plaintiff in error, but the bank had not been made a party, and no relief was invoked by reason of such appropriation of said surplus. The $46,000 note was not described or set out in any of the pleadings, and we think that, to give effect to that provision showing that the 475 shares had been deposited to secure the $46,000 "or any other liability of the undersigned to said bank due or to become due," it should appear in some of the pleadings. How else could it be supposed that defendant in error and Casey & Swasey would have notice of and a consequent opportunity to meet such an issue with proof? See Tel. Co. v. Smith, 88 Texas, 9; Ware v. Shafer, 88 Texas, 44.

But if in error as to this conclusion, there is another view that would seem to be conclusive of the question. As before stated, among other things, defendants alleged, and it was afterwards shown, that the dividend in question was in fact paid by Casey & Swasey to said bank, who beyond dispute was the real beneficial party entitled to receive the same. This fact is undisputed in the proof, nor was there any offer to controvert it. If a state of facts existed that entitled the naked trustee to recover said dividends notwithstanding the actual receipt thereof by the real party in interest, we think such trustee should have plead such facts. No such matter was pleaded by appellant.

Nor are we able to say that there was error in refusing to permit plaintiff to amend as requested. Our statute provides that "all amendments to pleadings * * * when court is in session must be filed under leave of the court, upon such terms as the court may prescribe, before the parties announce ready for trial, and not thereafter." Rev. Stats., art. 1188. The statute in express terms denies the right of amendment after an announcement of ready for trial. We are not inclined to enlarge exceptions to this statutory rule, and we think it should be made to clearly appear that the trial judge abused his discretion, before reversing a ruling apparently in exact accord with legislative direction.

The bill of exceptions to the act of the court here complained of, omitting formal parts, is as follows: "Be it remembered, that on the trial of the above cause, and after the court had ruled out the testimony as shown in bill of exception number 1, plaintiff by his attorney asked leave of the court to file a trial amendment and plead so as to authorize the admission in evidence of said testimony, and setting up that he held said stock as collateral security to the notes ruled out by said bill of exceptions, all of which the court refused to permit and the plaintiff excepted."

It will be noted that the grounds of the court's ruling are not stated, nor are the circumstances relating thereto set out in the bill. No offer or attempt is here made to avoid the legal effect of the actual receipt of the dividend sued for by the beneficiary. The rule is statutory that the bill should state the action of the court, "with such circumstances

or so much of the evidence as may be necessary to explain it." Rev. Stats., art. 1361. And it must appear therefrom that error to the prejudice of the party complaining has been done. Every presumption is in favor of the action of the court, and the circumstances may have been such as to show that the court's discretion was properly exercised in the matter.

It is stated in appellant's brief that he sought to withdraw his announcement of ready for trial, but the record contains no evidence of such request. The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR ADDITIONAL FINDINGS OF FACT.

Upon motion therefor we add as additional conclusions of fact that the dividend mentioned in the original opinion was paid to Casey & Swasey by the Texas Brewing Company in January, 1895, after having been declared as stated in the opinion; and that at the time of this payment to Casey & Swasey the $46,000 note mentioned in the original opinion was unpaid.

We also add that at the time the shares of stock issued to Andrew R. Hurd were turned over to the National Bank of Commerce as collateral security for the payment of said $46,000, as stated in the original opinion, such shares had indorsed on the back thereof the following blank indorsement, to wit:

"For value received ...... hereby sell, assign and transfer ...... shares of the within named stock to Zane Cetti, and hereby appoint ......, my proxy, or attorney to transfer the same on the books of the said company.

"Witness my hand and seal, this 19th day of September, 1893.

(Signed)    "ANDREW R. HURD."    [Seal.]

Duly witnessed.

This stock, so indorsed, was in the actual possession of the National Bank of Commerce, together with the $46,000 note, at the time Casey & Swasey paid to said bank the $1900 dividend paid them by the brewing company.

Writ of error refused.