## J. H. JOHNSON v. THE STATE.

### No. 2079. Decided April 17, 1901.

**1. Local Option—Evidence of Other Sales.**

On a trial for violating local option, evidence is inadmissible of other sales made by defendant, than the one in issue, and about twelve months before, which do not tend to develop the res gestae nor to connect defendant with the sale sought to be proven.

**2. Same—Non-Expert Testimony.**

On a trial for violating local option, it is not essential that a witness should qualify as an expert in order to testify to the fact that the prosecuting witness was of simple mind and had no memory of time, place or past events where the non-expert was shown to have been intimately acquainted with said prosecuting witness, and knew these characteristics as facts.

APPEAL from the County Court of Williamson. Tried below before Hon. W. F. ROBERTSON, County Judge.

Appeal from a conviction for violating local option; penalty, a fine of $25 and twenty days imprisonment in the county jail.

The defendant, Dr. Johnson, a druggist, testified that he had never sold the prosecuting witness, Andy Sauls, any alcohol at any time as testified by said prosecuting witness; and the defendant Johnson's reputation for truth and veracity in the community in which he resided was proven to be good.

Defendant proposed to prove that the prosecuting witness, Andy Sauls (a negro), was of weak mind—had no memory of time, places, nor past events, and did not have sufficient intelligence to distinguish the difference between alcohol, whisky or wine, he having sworn that defendant sold him alcohol. This evidence was refused to defendant by the court and not allowed to be introduced.

No further statement necessary.

No briefs for either party on file with the record.

*Rob't A. John,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of violating the local option law, and his punishment assessed at a fine of $25 and twenty days confinement in the county jail.

He testified in his own behalf, and by others proved his good character for truth and veracity. Over his objections the State proved his reputation for obeying the local option law was bad. Various objections were urged to the introduction of this testimony, which we think are well taken. The inquiry as to defendant's character as a law-abiding man can not be placed in issue by the State, and he did not place this phase of his character in issue. Witness Ball was permitted to testify that he had bought alcohol from appellant on different occasions about twelve months ago, or within twelve months from the date of the trial. Various

objections were urged to the introduction of this testimony. Under the facts of this case, we think this testimony was inadmissible. It tended to throw no light on the transaction at issue in any way. Pitner v. State, 37 Texas Criminal Reports, 268, is authority for the introduction of sales other than the one in issue for certain purposes. But the evidence of other sales does not develop the res gestae nor tend to connect defendant with the sale sought to be proved in this case. Defendant offered to prove by W. A. Gant that he had known prosecuting witness Sauls for a number of years; that he had worked for him; that he had associated with him almost daily for four or five years; that he was of very simple mind, and had absolutely no memory of time, place or past events, and did not have sufficient intelligence to distinguish the difference between alcohol, whisky, and wine. This testimony was excluded on the ground that this witness did not qualify as an expert. We do not believe it is necessary for the witness to qualify himself as an expert in order to give this testimony. The testimony shows the witness was intimately acquainted with prosecuting witness, and knew these characteristics as facts; and, if it was a fact that prosecuting witness was of simple mind and had no memory of time, place or past events, this witness was competent to testify to these characteristics under the predicate laid. This would have been true were the question one of insanity. For the reasons indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

BROOKS, Judge, absent.