RANKIN et al. v. RANKIN.†

(Court of Civil Appeals of Texas. Dec. 21, 1910. Rehearing Denied Feb. 8, 1911.)

1. EXCEPTIONS, BILL OF (§ 27*)—RECITALS— EFFECT AS EVIDENCE.

A bill of exceptions which states that testimony was objected to "because" of certain facts, such as facts disqualifying a witness, is no evidence of their existence.

[Ed. Note.—For other cases, see Exceptions, Bill of, Cent. Dig. § 34; Dec. Dig. § 27.*]

2. WITNESSES (§ 139*)—QUALIFICATION—INDEPENDENT EXECUTORS.

An independent executor can voluntarily resign, so as to enable him to testify as a witness.

[Ed. Note.—For other cases, see Witnesses, Dec. Dig. § 139.*]

3. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—SUFFICIENCY.

An assignment of error to the admission of evidence is insufficient where the statement thereunder does not show that appellant excepted, nor the ground of his objection, and where there is no reference to the page of the record where the testimony appears.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

4. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—SUFFICIENCY.

Grounds of objection to testimony set out in a bill of exceptions cannot be treated as a statement of facts under an assignment of error to the admission of such testimony.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 742.*]

5. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—SUFFICIENCY.

An assignment of error to the admission of evidence will not be considered where the statement of facts does not exclude circumstances under which the evidence would be admissible.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

6. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—SUFFICIENCY.

An assignment of error will not be considered where it is not a proposition in itself, and none is submitted thereunder.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 742.*]

7. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—SUFFICIENCY.

An assignment of error to an instruction will not be considered where the statement does not show facts making the instruction erroneous, and where no error appears on the instruction's face.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 742.*]

8. EVIDENCE (§ 230*) — DECLARATIONS BY GRANTOR—ADMISSIBILITY.

Declarations by a grantor after making a deed are not admissible to disparage the grantee's title as by showing fraud or undue influence, but they are admissible on an issue of his mental condition when he conveyed.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 835–851; Dec. Dig. § 230.*]

9. EVIDENCE (§ 474*) — OPINIONS — MENTAL CAPACITY.

On an issue of undue influence over decedent inducing a deed, witnesses could give their opinion as to her mental condition, and as to whether she was easily influenced, where they stated the means of their knowledge, intimate acquaintance with her, and acts indicative of her weak mind.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2198; Dec. Dig. § 474.*]

10. EVIDENCE (§ 471*) — OPINIONS — MENTAL CAPACITY.

A witness having shown knowledge as to one's mental condition may state that condition as a fact, and such testimony is not in the proper sense opinion evidence.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2149–2185; Dec. Dig. § 471.*]

11. EVIDENCE (§ 248*) — DECLARATIONS BY HUSBAND—EFFECT.

Ordinarily one's declarations do not affect his wife's title to her separate estate, but on suit to set aside a deed from decedent to her son's daughter, made without pecuniary consideration on the ground of fraud and undue influence, plaintiffs could show that witness was

promised his' share of decedent's estate if he would not participate in the suit.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 953–964; Dec. Dig. § 248.*]

12. LIMITATION OF ACTIONS (§ 197*)—FRAUD —GRANTOR'S KNOWLEDGE—EVIDENCE—SUFFICIENCY.

As affecting limitations on a suit to cancel a deed for fraud, evidence *held* insufficient to warrant a finding that by using reasonable diligence grantor could have discovered that defendant was claiming under the deed.

[Ed. Note.—For other cases, see Limitation of Actions, Dec. Dig. § 197.*]

13. CANCELLATION OF INSTRUMENTS (§ 45*)— CANCELLATION FOR FRAUD — PROOF REQUIRED.

A vendor's executor suing to cancel a deed for fraud need show no title other than that conveyed.

[Ed. Note.—For other cases, see Cancellation of Instruments, Dec. Dig. § 45.*]

14. DEEDS (§ 70*) — CANCELLATION FOR FRAUD.

A deed to the grantor's granddaughter obtained by her father's fraud is invalid.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 165–182; Dec. Dig. § 70.*]

Appeal from District Court, Waller County; Wells Thompson, Judge.

Action by J. T. Rankin, executor, against L. A. Rankin and others. Judgment for plaintiff, and defendants appeal. Affirmed.

A. J. Harvey, Lipscomb & Pool, and W. W. Searcy, for appellants. J. D. Harvey, Keet McDade, J. V. Meek, and J. P. Buchanan, for appellee.

JENKINS, J. This suit was instituted by J. T. Rankin, executor of the estate of his mother, Mrs. Charlotte E. Rankin, to set aside a deed executed by said Charlotte E. Rankin to her daughter-in-law, Mrs. L. A. Rankin, the wife of Harry W. Rankin, one of the sons of said Charlotte Rankin. The grounds alleged for setting aside said deed are fraud and undue influence upon the part of said Harry Rankin.

### Conclusions of Fact

From the evidence in the record, we find the following to be the facts as bearing on the issues made by the pleadings:

(1) Mrs. Charlotte Rankin, on June 23, 1897, executed a deed to Mrs. L. A. Rankin, wife of Harry W. Rankin, to 100 acres of land out of a 300-acre tract, in Ellis county, Tex., the consideration recited in said deed being $25 cash and love and affection. No attack is made on this deed.

(2) On November 24, 1898, the said Mrs. Charlotte Rankin executed a deed to the said Mrs. L. A. Rankin for the remaining 200 acres of said tract of land, for the recited consideration of $50 cash, and love and affection. This is the deed which is attacked in this suit.

(3) Each of said deeds conveyed title to Mrs. L. A. Rankin in her separate right. No consideration was paid for the execution of either of said deeds. Both of said deeds were in the handwriting of Harry Rankin, were executed at his house, and when the last deed was executed there was no one present besides the grantor, Harry Rankin and his wife, except one J. T. Houx, who was a particular friend of said Harry Rankin, and who signed the same, and also a written memorandum attached thereto, as a witness. The evidence does not fully develop the circumstances under which the first deed was executed, but does show that the same was at the solicitation of said Harry Rankin.

(4) Said deed to the 200-acre tract was executed under the following circumstances: Mrs. Charlotte Rankin being at the house of Harry Rankin was informed by him that the first deed incorrectly described the land intended to be conveyed, and presented her the second deed, informing her that it was a substitute for the former deed, and conveyed the same land intended to be conveyed by the former deed. Believing these statements to be true, Mrs. Rankin signed the same, and also the memorandum attached to the same. This memorandum recited that Mrs. Charlotte Rankin was to retain possession of said land during her lifetime and was to pay all taxes thereon.

(5) This deed was witnessed by said Houx only, and was not acknowledged before any officer, and was not filed for record until August 17, 1908, nearly ten years after its execution, and some nine months after the death of Mrs. Charlotte Rankin. Neither Harry Rankin nor his wife ever set up any claim to said land during the lifetime of Mrs. Charlotte Rankin, and the execution of said deed, as a deed containing 200 acres of land, was not known to any of the other heirs of Mrs. Charlotte Rankin until some months after her death. Some time after the execution of said last deed they learned that Mrs. Charlotte Rankin had executed a deed to the wife of Harry Rankin for 100 acres of said Ellis county tract. This deed had not been filed for record when the second deed was executed, but was filed for record in Ellis county February 13, 1899.

(6) At the time of the execution of said deeds, Mrs. Charlotte Rankin was over 70 years old. She was, and for some time prior thereto had been, in feeble health and weak in mind, and on account of the condition of her eyes could not see without glasses, and then with great difficulty. This physical and mental condition so continued to the time of her death.

(7) Mrs. Charlotte Rankin had four sons, all of whom, except T. J. Rankin with whom she lived, were married, and all of whom lived in the same town with her. So far

as the record shows, none of the parties ever lived in Ellis county.

(8) Mrs. Charlotte Rankin never knew, nor did she have any reason to suppose, that the second deed was other than it was represented to her to be at the time she signed the same.

(9) The land conveyed in the second deed was worth about $40 per acre when said deed was executed, and from $70 to $75 per acre at the time of the trial.

(10) Harry Rankin had great influence with his mother.

(11) By said deeds conveyance was made to Mrs. L. A. Rankin in her separate right, because there were unsatisfied judgments against Harry Rankin and he was insolvent.

(12) Mrs. Charlotte Rankin executed a will on October 21, 1899, at which time she thought the said deeds executed by her had perhaps been destroyed, but did not feel sure that such was the case. In said will she bequeathed her property equally to her son T. J. Rankin and to her three daughters-in-law, in trust for their children, except that in addition to his one-fourth, she also bequeathed to her son T. J. Rankin, with whom she had long made her home, the home in which she lived. She was at the time of the execution of said deeds a widow, and so remained to the time of her death. The fifth clause in said will was as follows: "I have heretofore given a deed to Lou Adell Rankin to one hundred acres of land in Ellis county, and in the event said deed was not destroyed but still exists, I value the same at $2,500, and desire that the same be charged up to the interest of said Loudell Rankin in making division of my said estate."

In addition to the general issue, the defendants plead the four-year statute of limitations. No issue was raised by the pleadings as to want of proper parties. The jury returned a verdict for the plaintiff, appellee herein, and judgment was entered canceling said deed, from which judgment the defendants appealed.

### Conclusions of Law.

(1) Appellee objects to the consideration of a number of the assignments herein and to propositions and statements thereunder, as not being in compliance with the rules. One of the propositions under the first assignment of error is: "R. E. Hannay having been named by Mrs. Charlotte E. Rankin in her will as joint independent executor with J. T. Rankin, and having qualified as such executor, could not voluntarily abandon the trust, and being one of the executors under said will could not testify as to conversations with Mrs. Charlotte Rankin." The bill of exceptions shows that appellants objected to the witness Hannay testifying, "Because the pleading of plaintiff and evidence of the witness shows that the witness was named in the will of Mrs. C. E. Rankin as one of the independent executors under

her will, and that he qualified as such, and this suit being by the other independent executor, the witness was disqualified under article 2302 of the Revised Statutes of 1895 from testifying as to statements or declarations made by Mrs. C. E. Rankin to him in reference to the execution of the deed." A bill of exceptions which states that certain testimony was objected to because of certain facts is no evidence of the existence of such facts. In Ward v. Cameron, 97 Tex. 472, 80 S. W. 69, the bill of exceptions showed that a deposition was objected to because the party objecting had had no notice of the taking of the same. Mr. Justice Brown, speaking for the court, said: "It will be observed that the bill does not state that the plaintiff had no notice of the taking of the deposition, but makes that one of the grounds of objection. It is necessary for the bill of exceptions to show that the facts upon which the objection is predicated actually existed. The court might have overruled the objection because the fact did not exist." See, also, on this point, Terrell v. McCown, 91 Tex. 241, 43 S. W. 2; Whitaker v. Gee, 61 Tex. 218; Henry v. Whitaker, 82 Tex. 8, 17 S. W. 509; Hurd v. Brewing Ass'n, 21 Tex. Civ. App. 296, 51 S. W. 885, 57 S. W. 573; rule 59 Dist. and County Courts (67 Atl. xxiv); article 1361, Rev. St. 1895. Article 724, Code Cr. Proc., is substantially the same as article 1361, Rev. St. The Court of Criminal Appeals have frequently construed this article of the Criminal Procedure in harmony with the above cases. In Flores v. State (Tex. Cr. App.) 79 S. W. 809, where the objection was that the witness had been convicted of a felony, the court said: "The bill should have stated this as a fact, and not as a ground of objection." To the same effect is Wright v. State, 36 Tex. Cr. R. 35, 35 S. W. 287, and Norsworthy v. State, 45 Tex. Cr. R. 339, 77 S. W. 804.

(2) We have here presented the law to the effect that a bill of exceptions stating that certain proceedings were objected to because of certain facts, is not equivalent to a statement of the existence of such facts, for the reason that this proposition is invoked as to a number of other assignments of error. So far as the proposition made by appellants under this assignment is concerned, viz., that an independent executor cannot voluntarily resign his trust, upon the authority of Roy v. Whitaker, 92 Tex. 356, 48 S. W. 892, 49 S. W. 367, as well as upon our own construction of the statute in reference thereto, we hold that he can do so. Looking to the statement in appellants' brief under said proposition, we find nothing therein to indicate that he had not done so. Nor would such statement, if the facts existed, be pertinent to the proposition that he could not resign such trust.

(3) For the reason that they are not in compliance with the rules, we sustain appellee's objections to the following assignments

of error, to wit: The seventh: It is not shown in the statement under this proposition that appellants excepted to the admission of the evidence, nor are the grounds of appellants' objection stated. Railway Co. v. Holzer (Tex. Civ. App.) 127 S. W. 1063; Railway Co. v. Adams, 63 Tex. 206. We are not referred to the page of the record where the testimony of the witness may be found. The ninth: No facts are set out, except that the witness was permitted to testify as stated in the assignment. The grounds of objection as set out in the bill of exceptions, cannot be treated as a statement of the facts. See authorities supra. For the same reason we sustain the objection to the tenth eleventh, thirteenth, fourteenth, fourteenth and one-half, and fifteenth assignments of errors. There are circumstances under which the evidence complained of in these assignments would have been admissible, and the existence of these circumstances were not excluded by the statements made. For instance, under the ninth, thirteenth, and fourteenth assignments, where the propositions are made that the acts and declarations of the husband are not admissible as against the title of the wife to her separate property, this would not be true if the wife was a mere trustee, holding for the benefit of the husband. Such is alleged in the petition herein to be the fact, and the statements do not exclude the existence of such fact. We sustain the objection to the sixteenth assignment, because the same is not a proposition, and no proposition is submitted thereunder. We sustain the objection to the seventeenth assignment, because the statement does not show any facts or circumstances which would have rendered the charge complained of erroneous, and no error appears upon the face of the same. A number, if not all, of the propositions asserted under the excluded assignments are made by appellant under other assignments, and have received our careful consideration.

(4) Under the first, third, fourth, and twenty-second assignments of error (as well as under the tenth and eleventh assignments which we have declined to consider for reasons above set forth) the proposition is presented that the declarations of a grantor made after the execution of a deed are not admissible in disparagement of the title of the grantee; that declarations of such grantor in the absence of the grantee are hearsay; that such declarations are not admissible to prove fraud or undue influence. These are sound propositions of law in the abstract, but are not applicable to the testimony objected to in this case, for the reason that the issues made by the pleadings are fraud and undue influence, which fraud, it is alleged, the son of the grantor was enabled to and did perpetrate; and which undue influence he was enabled to and did exercise upon the grantor by reason of her mental weakness. Where this is the issue, the acts

and declarations of the grantor, whether in the presence or in the absence of the grantee, whether before, at the time, or after the execution of the deed, may be given in evidence, not as proof of the fact of fraud as declared by the grantor, if he has declared such to be the fact, nor as proving the fact of undue influence, if he has declared that he was so influenced, but as circumstances showing the mental condition of the grantor at the time of the execution of the deed; it being reasonably presumed that a person of weak mind might be unduly influenced by things and conditions which might have but little, if any, influence over a person of strong mind, or that a fraud might be perpetrated upon such weak-minded person which would be detected by a person of vigorous intellect. In re Burns' Estate, 21 Tex. Civ. App. 512, 52 S. W. 98; McIntosh v. Moore, 22 Tex. Civ. App. 22, 53 S. W. 612; Campbell v. Barrera (Tex. Civ. App.) 32 S. W. 724; Waterman v. Whitney, 11 N. Y. 157, 62 Am. Dec. 76; Shailer v. Bumstead, 99 Mass. 112; Lane v. Moore, 151 Mass. 87, 23 N. E. 828, 21 Am. St. Rep. 431; Bates v. Bates, 27 Iowa, 110, 1 Am. Rep. 261; Reynolds v. Adams, 90 Ill. 134, 32 Am. Rep. 20; Beaubien v. Cicotte, 12 Mich. 486, 487; Estate of Goldthorp, 94 Iowa, 336, 62 N. W. 845, 58 Am. St. Rep. 405; Thompson v. Ish, 99 Mo. 160, 12 S. W. 510, 17 Am. St. Rep. 556; Jones v. McLellan, 76 Me. 49–51; Reel v. Reel, 8 N. C. 248, 9 Am. Dec. 636; McTaggart v. Thompson, 14 Pa. 149; Dennis v. Weekes, 51 Ga. 24; Rusling v. Rusling, 35 N. J. Eq. 120; Marx v. McGlynn, 88 N. Y. 358; Potter v. Baldwin, 133 Mass. 427; note to Hess' Will, 31 Am. St. Rep. 690. As to the nature and character of such declarations that will thus be admitted in evidence, the only limitations seem to be that they must tend, in some degree, to disclose the mental condition of the grantor, and must be sufficiently connected in time as to throw light on the condition of the party's mind at the time of the execution of the deed or will assailed. The following declarations have been held admissible for this purpose: Statements of the testatrix after the execution of her will "expressive of dissatisfaction with it." Campbell v. Barrera (Tex. Civ. App.) 32 S. W. 725. "That Daniel Lamb (contestant) would get his (testator's) property after his death, and that he wanted them to have it." In re Burns' Estate, 21 Tex. Civ. App. 512, 52 S. W. 99. Statements of the grantor denying that he meant to convey to the grantee the property described in the deed. McIntosh v. Moore, 22 Tex. Civ. App. 22, 53 S. W. 612. Many similar statements were held admissible in the cases above cited.

(5) The second, third, fourth and one-half, and fifth (as well as the excluded seventh) assignments of error and propositions thereunder are to the effect that the witnesses should not have been permitted to give their opinions as to the strength of Mrs. Rankin's

mind, and as to whether or not she was easily influenced. The witnesses stated the facts which showed their means of knowledge. They were her grown sons and daughters-in-law, and her relatives, Judge Haney and wife, who had been intimately acquainted with her for many years, knew her physical condition, had transacted business for her, and they detailed many statements and acts by her indicative of the weakness of her mind. Under these circumstances it was not error to permit them to give their opinion as to her mental condition, and as to whether or not she was easily influenced. Koppe v. Koppe (Tex. Civ. App.) 122 S. W. 74; Railway Co. v. Shifflet (Tex. Civ. App.) 56 S. W. 699; Johnson v. State, 42 Tex. Cr. R. 618, 62 S. W. 756; Carr v. State, 24 Tex. App. 568, 7 S. W. 328, 5 Am. St. Rep. 905.

It will be seen from an examination of the testimony that neither of the witnesses stated that in their opinion the mental weakness of Mrs. Charlotte Rankin was such that she could not resist the influence of Harry Rankin, or detect the fraud practiced upon her, but simply gave their opinion that she was mentally weak and childish, leaving it to the jury to find the fact, as to whether or not she was so deceived or improperly influenced. We think a better statement of the law is that a witness having shown his knowledge as to mental condition of a party may state such condition as a fact, and that the same is not in the proper sense opinion evidence. Our view of the law in this regard was stated in Estate of Goldthorp, 94 Iowa, 336, 62 N. W. 845, 58 Am. St. Rep. 404, 405, as follows: "If from observation alone the witness noticed anything about the decedent which indicated the condition of her mind as to strength or feebleness, we do not see why it does not call for a fact and not an opinion. * * * We think that the evidence that a person acted strangely, or in a childish manner are facts and may be testified to by any one."

(6) The sixth assignment of error is as to the testimony of Gus Rankin that one of the attorneys for appellee told him that Harry would give him his portion of the land if he would have nothing to do with this suit. There was no objection to this evidence upon the part of Harry Rankin, probably for the reason that the evidence shows that he authorized the submission of the proposition; but it is objected to on the part of Mrs. L. A. Rankin, on the ground that the deed in question conveyed the title to her in her separate right, and that her title is not to be affected by the declarations or acts of her husband. This proposition is also asserted under the fourteenth (as well as under the excluded ninth, thirteenth, and fifteenth) assignment of errors. This is a sound proposition of law in a proper case (Clapp v. Engledow, 82 Tex. 293, 18 S. W. 146), but does not present any reason why the testi-

mony tending to show fraud on the part of Harry Rankin should not have been received in this case. Mrs. L. A. Rankin was a volunteer in the transaction; she paid no consideration for the execution of the deed; she was not a purchaser for value, but was the beneficiary of the fraud of her husband, if any he committed. Her position was similar to that of one who becomes a party to a previously formed criminal conspiracy, whereby he is held to be bound by the declarations of his coconspirators prior to his entering into the conspiracy. She cannot voluntarily accept the benefits of the fraud, and object to proof of the fraud whereby she acquired title, any more than the receiver of stolen goods would be heard to object to proof that such goods were stolen by another. Bass v. Peevey, 22 Tex. 297; Cox v. Miller, 54 Tex. 27; Loan Ass'n v. Baumann (Tex. Civ. App.) 58 S. W. 51.

The eighteenth assignment of error is as to the charge of the court on the statute of limitation. The only error that could be considered under this assignment of error and the propositions and statements thereunder is specifically presented in the twentieth assignment of error, which is as follows: "The court erred in refusing to give the following charge to the jury: 'If you believe from the evidence that Mrs. C. E. Rankin knew or could have known, by the use of reasonable diligence, more than four years prior to the date of her death that the defendant L. A. Rankin had the deed sought to be canceled in this suit, you will find for the defendants on their plea of limitation.'" We might well overrule this assignment on the ground that the word "had" meant "was possessed of"—that is, that the deed had not been destroyed, and not that she was claiming under the same—and also upon the ground that the statements under these assignments do not indicate that Mrs. Rankin might, by the use of reasonable diligence, have discovered that appellees were claiming under said deed, but we will rest our decision upon the broad ground that there was no evidence tending to show that Mrs. Charlotte Rankin, by the use of reasonable diligence, could have made such discovery; and hence the issue of reasonable diligence was not in the case, and it was not error to fail or refuse to submit the same to the jury.

The court, upon request of appellants, instructed the jury as follows: "The evidence in this cause shows that the deed sought to be canceled was executed on the 24th day of November, 1898, and that Mrs. C. E. Rankin took no steps to have said deed canceled until February, 1903. So if you believe from the evidence in this case that Mrs. C. E. Rankin knew at the time she executed said deed that it was for two hundred acres of land, although she may not have wanted to execute said deed or may have been dissatisfied with the same, the law required her to bring suit to have the same set aside within four years

from the date she executed same if she desired to avoid the same. So if you believe from the evidence that at the time Mrs. C. E. Rankin executed said deed she knew that it conveyed two hundred acres of land and that she failed to file suit to have the same set aside within four years from the date of its execution, then you will find for the defendants on their plea of limitation, and in this connection you are instructed that the law presumes a person knows the contents of all instruments executed by them."

The nineteenth assignment of error relates to the refusal of the court to instruct the jury to return a verdict for the appellants for the reason that no title was shown in Mrs. Charlotte Rankin to the land described in the deed sought to be canceled. This suit being by the executor of the vendor to cancel the deed for fraud, it was not necessary for the plaintiff to show title other than that conveyed. Perez v. Everett, 73 Tex. 433, 11 S. W. 388. The case is analogous to that of common source in trespass to try title, in which it is held that claiming title under a deed amounts to an assertion that the grantor had a good title.

The twenty-first assignment of error relates to the sufficiency of the evidence to sustain the verdict. The statement under said assignment does not challenge the sufficiency of the evidence, except as to Mrs. L. A. Rankin. She being a holder without notice, her title must fail, if the evidence be sufficient to show that her deed was obtained by fraud or undue influence of her husband upon the grantor. The evidence is sufficient to have justified the verdict upon the ground that she held the title in trust for her husband.

Finding no error in the record, the judgment is affirmed.

Affirmed.