**SCHAFF v. JOHNSON.   (No. 2383.)**

(Court of Civil Appeals of Texas.   Amarillo.
Dec. 3, 1924.   Rehearing Denied
Jan. 7, 1925.)

**1. Appeal and error ☞193(5)—Objection that averment of expenses caused by negligent delay was insufficient not sustained, where not attacked by special exception.**

Objection that petition in action against carrier to recover for negligent delay in furnishing stock cars did not allege that expenses incurred by shipper in caring for stock were reasonable, not sustained where paragraph in such petition setting up such expenses was not attacked by special exception, based on that ground.

**2. Carriers ☞227(1) — Allegation as to expenses incurred because of negligent delay held to mean that they were reasonable.**

In action to recover for carrier's negligent delay in furnishing stock cars, allegation that it became necessary for plaintiff to incur certain expenses to care for his stock, in absence of special exception, means that such expenses were reasonable.

**3. Carriers ☞229(1)—Expense of repair of windmill and telegraph bill, incurred pending negligent delay in furnishing stock cars, held not recoverable.**

In action to recover for carrier's negligent delay in furnishing stock cars, repair of a windmill and telegraph bills, incurred while shipper was caring for stock, pending such delay, not being within contemplation of parties when cars were ordered, nor proximate result of failure to furnish such cars, were not proper items of damages.

**4. Damages ☞42—Generally, person entitled to recover all reasonable expenses caused by wrong complained of.**

Generally, a person is entitled to recover as damages all reasonable expenses to which he may have been put in consequence of wrong or injury inflicted.

**5. Damages ☞20—Defendant cannot be held liable for unforeseen consequences of its act.**

Defendant cannot be held liable for unforeseen consequences of its act, or such as could not be said to have been the usual and probable result of condition produced by its negligence.

**6. Appeal and error ☞930(4) — Appellate court unable to say that certain improper items of damage were not included in verdict, where authorized by charge and general finding for plaintiff.**

In action against carrier for negligent delay in furnishing stock cars, although there was no special finding for plaintiff as to certain items of damage improperly claimed by him, appellate court could not say that such items were not included in verdict, where they were authorized by the charge, and there was general finding of damages in plaintiff's favor.

**7. Appeal and error ☞1039(2) — Error not predicable on damages alleged in petition where not submitted to jury.**

In shipper's action against carrier for negligent delay in failure to furnish stock cars, error could not be predicated on elements of damage claimed in shipper's petition where trial court did not submit them to jury.

**8. Appeal and error ☞268(1)—Verdict not set aside because findings contrary to evidence, where some evidence in support and no exceptions taken.**

Verdict on findings of fact will not be set aside because findings contrary to evidence, where no exceptions were taken to findings and there was evidence to support them.

**9. Appeal and error ☞1002—Finding not interfered with because evidence will sustain finding contrary thereto.**

That evidence will sustain finding contrary to that of jury affords no sufficient reason for interfering therewith, if there is evidence to sustain such finding.

**10. Trial ☞139(1)—Whether or not evidence preponderates on an issue is for trial court.**

Whether or not evidence preponderates on an issue is a matter for trial court.

**11. Appeal and error ☞265(1)—Objection to findings held not to present question as to release of defendant's liability by reason of strike.**

Objection to findings that they involved finding that strike did not prevent defendant carrier from complying with demand for cars, *held* insufficient to present to appellate court question as to release of carrier's liability by reason of strike, where no exceptions were taken by defendant to findings or to court's general charge, and no special issues were presented to court covering alleged deficiency in verdict.

**12. Appeal and error ☞1002—Jury's findings on controverted matter is conclusive.**

Jury's findings on a controverted matter is conclusive.

Appeal from District Court, Fisher County;  W. R. Chapman, Judge.

Action by A. S. Johnson against C. E. Schaff, receiver.  Judgment for plaintiff, and defendant appeals.  Reversed and remanded, subject to remittitur.

Ratliff & Ratliff, of Haskell, and C. C. Huff, A. H. McKnight, and J. M. Chambers, all of Dallas, for appellant.

Capps, Canty, Hanger & Short, Mark McMahon, and Warren Scarbrough, all of Fort Worth, for appellee.

RANDOLPH, J.   This suit was brought by appellee against appellant for damages to a shipment of cattle, and the parties will be designated herein as in the trial court.

Plaintiff, in his petition, seeks recovery substantially upon the following allegations, to wit: That on and prior to September 30,

1922, he was the owner of and in possession of 135 head of cattle which he was desirous of shipping to market at Fort Worth, Tex. That on or about said date he went to the agent of defendant at Rotan, Tex., and placed with said agent a written order for five cattle cars to be at Rotan for loading plaintiff's cattle on October 10, 1922, and deposited with the said agent, the sum of $100 in cash as required by said agent, as a deposit guaranteeing the payment of the freight on said cars; that, at said time, when said cars were ordered by the plaintiff, the agent of the defendant promised plaintiff to have said cars at Rotan, ready for loading plaintiff's cattle on said October 10, 1922, and gave plaintiff every assurance that said cars would be at his service on said date. That relying on said promise and agreement of the defendant to furnish cars for the loading of said cattle, plaintiff drove said cattle from his pasture, where they had been kept and prepared for market, to said town of Rotan, and placed them in the loading pens of the defendant at Rotan on October 10, 1922. That he then ascertained that the cars which he had ordered and which had been promised him by the defendant, had not arrived in Rotan, and had not been placed on the loading track at the livestock pens of the defendant, and plaintiff was unable to load his cattle because said cars were not available. That plaintiff held said cattle in the said pens for a period of three days awaiting the arrival of the cars, in order that he might load and ship his cattle. That during that period he was constantly urging the agent of defendant to get cars for him, but the defendant, its agents, and employés wholly failed and refused to furnish the cars, and plaintiff was forced, at the end of three days, to remove the cattle from the pens of the defendant and put them in a pasture a short distance from the town of Rotan, being assured and advised at said time by the defendant, its agents, and employés, that said cars would arrive in a very short time, and plaintiff would be able to load his cattle and ship them to Fort Worth. That he kept his cattle in the pasture awaiting the arrival of said cars until December 4, 1922, when for the first time, defendant furnished cars to plaintiff for loading his cattle. That the defendant, its agents, and employés were negligent in failing and refusing to furnish plaintiff with cars for shipping his cattle, as it promised and agreed to do, and as it was its duty under the statutes of the state of Texas to do, and by its negligence in so failing to furnish plaintiff with cars as it promised and agreed to do, and as it was its duty to do under the laws of Texas, caused plaintiff's cattle to remain in the pens of defendant, and in such pasture awaiting shipment, from the 10th day of October, 1922, until the 4th day of December, 1922, and that as a direct and proximate result of such negligence of defendant, and as the direct and proximate result of defendant's failure and refusal to carry out its promise to furnish plaintiff with such cars, plaintiff sustained damages in the sum of $9,686.76, and plaintiff sets out his damages in the shrinkage in weight, loss in market price, etc.

Plaintiff then pleads that when defendant negligently failed and refused to furnish him with cars for shipping his cattle, it became necessary for plaintiff to incur certain expenses in an effort to take care of said cattle; that all of said expenses so incurred by plaintiff were the natural and proximate result of the negligence of defendant, and defendant had knowledge of such damage, or was charged with knowledge of same, and his liability to plaintiff for same; that said damage consisted of the following items: Wages of 10 men to take care of said cattle and move them from the pens of defendant to the pasture and from the pasture back to the pens, $125; hotel bill for plaintiff and his men at Rotan while attending to said cattle, $12; extra feed for cattle, $80; pasturage for cattle at 50 cents per head for two months while being held for cars, $50; repairs on windmill in pasture in which cattle were held waiting for cars, $50; telegraph bills incurred by plaintiff in sending telegrams to defendant and to livestock firms in Fort Worth, trying to dispose of cattle; $7.60.

Plaintiff also alleged that while said cattle were being held in the pasture, two steers of the value of $107.76 died due to the negligence of defendant in failing to furnish such cars.

Those paragraphs of the petition which seek a recovery of penalty for failure to furnish cars, need not be considered, as same was eliminated on the trial.

Upon the question of damage, the trial court submitted the following:

"Special Issue No. 5. What amount of damage, if any, was sustained by plaintiff by reason of defendant failing to procure such cars?

"In arriving at the amount of damages, if any you assess, you will take into consideration the loss in weight, if any, to such cattle; the loss in market value, if any, and any and all necessary expenses, if any, incurred by plaintiff in caring for such cattle that defendant had notice of that plaintiff would be compelled to incur when such cars were ordered, or before such default, if any, was made by defendant."

Defendant specially excepted to that paragraph of plaintiff's petition alleging damages of $50 for repair of windmill and telegraph bill of $7.76, because the allegations are insufficient in that it does not appear that items of either kind were within the contemplation of the parties at the time the demand for the cars was made, and no facts are alleged showing or tending to show that either item

of expense was the proximate result of the failure to furnish cars within any specified time. Defendant also objected to the introduction of the evidence of the expenses incurred by plaintiff for the reason that there were no allegations in plaintiff's petition that the charges he paid for said items of expense were reasonable. These errors are presented in appellant's propositions 1, 2, and 7.

[1] The objection that the petition does not allege that the expenses incurred were reasonable, and therefore, that evidence establishing· the payment of such expenses was not admissible, cannot be sustained. The paragraph in the petition setting up these expenses was not attacked by a special exception based on that ground.

[2, 3] The allegation in the petition that "It became necessary for plaintiff to incur certain expense in an effort to take care of said cattle," in the absence of a special exception, by intendment, meant that the charges were reasonable, and was sufficient to authorize the submission of the testimony to the jury. Texas Electric Co. v. Jones (Tex. Civ. App.) 231 S. W. 824; Ry. Co. v. Duck (Tex. Civ. App.) 69 S. W. 1028; Ry. Co. v. Lee, 21 Tex. Civ. App. 174, 51 S. W. 351, 57 S. W. 573; Ry. Co. v. Stuart (Tex. Civ. App.) 48 S. W. 803. The items for the repair of the windmill and for the telegraph bill, which were properly excepted to, were not within the contemplation of the parties at the time the cars were ordered, and no facts are alleged showing or attempting to show that either item of expense was the proximate result of the failure to furnish cars within the specific time, and the exception must be sustained.

[4] "As a general rule, a person is entitled to recover as damages, all reasonable expenses to which he may have. been put in consequence of the wrong or injury inflicted. * * * Expenses imposed on the injured party by reason of a breach of contract ordinarily form a recoverable element of damages, provided it appears that such expenses were the natural consequences of the breach, and are reasonable, having regard to all the circumstances of the particular case. In case the expenses are disconnected with the original contract or form no integral part within the contemplation of the parties at the time that the contract was made, there can be no recovery; but where such damages are denied, it will always be found that the expenses claimed hinge upon some item of the contract not within the contemplation of the parties, or something remote from the contract itself." 17 C. J. §§ 124, 125; Elemendorf v. Classen, 92 Tex. 478, 49 S. W. 1045.

[5] The defendant cannot be held liable for the unforeseen consequences of its act, or such as could not be said to have been the usual and probable result of the condition produced by the negligence of the defendant. That the plaintiff would be compelled to re-

pair a windmill, and to send telegrams trying to dispose of his cattle, does not necessarily, or even probably follow from the failure of the defendant to furnish cars. The necessity for the repair of the windmill is therefore, not the proximate result of defendant's negligence. Reynolds v. Galveston, etc., Ry., 101 Tex. 5, 102 S. W. 724, 130 Am. St. Rep. 799; Mexican National Ry. Co. v. Mussette, 86 Tex. 708, 719, 26 S. W. 1075, 24 L. R. A. · 642; Seale v. G. C. & S. F. Ry. Co., 65 Tex. 274, 57 Am. Rep. 602.

[6, 7] While there was no special finding for plaintiff upon these two items by the jury, yet they were authorized by the trial court's charge to consider them in that paragraph of the charge quoted above and, as there is a general finding for damages of $2,100, we cannot say but that these items were included in the amount of the verdict. The trial court not having submitted to the jury the matter of damages occasioned by the death of the two steers, which died in the pasture, and which is presented in proposition No. 3, we overrule that proposition.

Propositions Nos. 4, 5, and 6, being based upon assigned error that involves the question of penalty for failure to furnish cars, not having been submitted to the jury, we overrule them.

[8-10] Defendant's proposition No. 8, that the jury's finding upon issue No. 1 that the defendant's agent agreed to furnish the cars, being contrary to the evidence, plaintiff's ninth proposition, that the jury's finding that the defendant failed to exercise reasonable diligence to furnish cars, being contrary to the evidence, and proposition No. 10, that the finding of the jury that defendant could have delivered cars at Rotan, on October 10, 1922, being contrary to the evidence, and that all three such findings should be set aside, are overruled. There were no exceptions to these findings, and there is evidence to support them, hence, we will not disturb the verdict upon this issue. Broussard v. LaBlanc (Tex. Civ. App.) 182 S. W. 78; Texas, etc., Ry. Co. v. Weems (Tex. Civ. App.) 184 S. W. 1103. The fact that the evidence will sustain a finding contrary to that of the jury, affords no sufficient reason for interfering with such finding if there is evidence to sustain such finding, and, there being evidence, we refuse to interfere with the verdict. Carter v. Smith (Tex. Civ. App.) 184 S. W. 244. And whether or not evidence preponderates upon an issue is a matter.for the trial court. Andrews v. Fuller (Tex. Civ. App.) 186 S. W. 275; American Surety Co. v. Hardwick (Tex. Civ. App.) 186 S. W. 804; Dawson v. Falfurrias State Bank (Tex. Civ. App.) 181 S. W. 553; Manning v. Beaumont, etc., Ry. Co., 107 Tex. 546, 181 S. W. 687.

[11] The objection to the findings that they involve a finding that the shop strike did not prevent the defendant from complying with

plaintiff's demand for cars, is insufficient to present to this court the question as to the release of·defendant's liability by·reason of the strike, for the reason that no exception was taken by the defendant to the findings, ·and no special issues presented to the court covering the alleged deficiency in the verdict; neither was there any exception to the court's general charge for the failure to submit any issue involving such release of liability.

[12] Propositions 11 and 12 present the issues that the court should have set aside the finding of the jury that plaintiff was not guilty of contributory negligence in removing his cattle from the railroad pens to the pasture, and in permitting his cattle to remain in the pasture without sufficient food and water as being contrary to the evidence, is overruled.

The defendant's plea of contributory negligence presents the conduct of the plaintiff in retaining his cattle in the pens for three days, in keeping his cattle in the pasture for nearly two months, with full knowledge of the conditions as they existed at that time, and without making any investigation whatever to determine whether or not said cars had arrived on October 10, 1922, and in removing his cattle, and in permitting them to remain in the pasture without sufficient food and water, causing them to lose weight, etc., is a controverted matter, the jury's finding being against defendant's contention.

We have gone over the record carefully, and for the error of the court in overruling defendant's special exception to that part of plaintiff's petition setting up the item of $50 for repair of windmill, and the telegraph bill, $7.76, this cause is reversed and remanded, unless the plaintiff shall, within 15 days file his remittitur of such items in this court, in which event the judgment of the trial court is ordered affirmed.