**WICHITA VALLEY RY. CO. v. BEVERING.**
(No. 2458.)

(Court of Civil Appeals of Texas. Amarillo. April 8, 1925. Rehearing Denied April 29, 1925.)

**1. Pleading ☞212—General demurrer not acted on by court waived.**

General demurrer not acted on by court is waived.

**2. Trial ☞350(4)—Petition held sufficient to authorize submission of reasonableness of charge for extra feed for cattle because of failure to furnish car.**

Petition alleging that because of defendant railway's failure to furnish car at time desired, plaintiff was required to spend $60 for extra feed in maintaining cattle to be shipped, *held* sufficient to authorize submission of question whether such amount was reasonable charge.

**3. Carriers ☞20(11)—Shipper's ability to deliver cattle to railroad within time he demanded cars held sufficiently shown.**

In action for penalties for failure to furnish stock cars on written demand, evidence *held* sufficient to show plaintiff's ability to deliver cattle to railroad within time he made demand for car as required by Vernon's Sayles' Ann. Civ. St. 1914, art. 6680.

**4. Trial ☞351(5)—Refusal to submit certain issues held not error, in view of jury's findings under instructions given.**

Jury having found on sufficient evidence, under instructions given at defendant railroad's request, that defendant did not exercise ordinary diligence to furnish stock cars demanded by plaintiff, and that delay was not caused by strike, propositions complaining of refusal to submit issues whether it furnished cars within reasonable time and used ordinary diligence, whether there was shortage of cars on its line at time, and if so, whether it was caused by strike, must be overruled.

**5. Carriers ☞2—Statute imposing penalties for failure to furnish cars on written demand not unconstitutional.**

Vernon's Sayles' Ann. Civ. St. 1914, art. 6680, imposing penalties for failure to furnish cars to shipper on written demand, does not violate either federal or state Constitution.

Appeal from Clay County Court; J. F. Vaden, Judge.

Action by A. H. Bevering against the Wichita Valley Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Thompson, Barwise & Wharton, of Fort Worth, Taylor & Taylor, of Wichita Falls, and H. M. Muse, of Henrietta, for appellant.

Wantland & Glasgow, of Henrietta, and J. S. Dickey, of Wichita Falls, for appellee.

RANDOLPH, J. This suit was brought by appellee, as plaintiff, in the county court of Clay county, Tex., against the Wichita Valley Railway Company, as defendant, for damages to cattle by reason of the failure to furnish cars in the shipment of said cattle, and for penalties for failure to furnish said cars upon written demand. Judgment in the trial court for plaintiff, from which appeal is taken to this court.

[1, 2] Appellant's second and third propositions charge error in the trial court's rendition of judgment in favor of plaintiff for $50 to cover feed for said cattle, because plaintiff did not allege and failed to prove that said amount was a reasonable charge for same. Plaintiff alleged in his petition:

"That by reason of the failure of the said defendant Railway Company to furnish a car in accordance with application at the time desired, the plaintiff was required to expend the sum of $60 for extra feed in the maintaining of said cattle during the period between the filing

of the application for said car and the shipment of said cattle."

One of defendant's first amended original answers appearing in the transcript contains a general demurrer which does not appear to have been acted on by the court, hence it was waived. But the petition was good against a general demurrer, and, the allegation as quoted not being specially excepted to, we hold that such allegation that plaintiff was required to spend the sum of $60 for extra feed during the period between the application and the furnishing of the car, by intendment, meant that the charges were reasonable and reasonably necessary, and were sufficient to authorize its submission to the jury. Texas Electric Co. v. Jones (Tex. Civ. App.) 231 S. W. 824; Railway Co. v. Duck (Tex. Civ. App.) 69 S. W. 1028; Railway Co. v. Lee, 21 Tex. Civ. App. 174, 51 S. W. 351, 57 S. W. 573; Railway Co. v. Stuart (Tex. Civ. App.) 48 S. W. 803; Schaff v. Johnson (Tex. Civ. App.) 267 S. W. 739.

[3] Appellant assigns as error the refusal of the trial court to peremptorily instruct a verdict for it; that the plaintiff failed to show that he could have loaded the cattle on the car ordered within 48 hours after delivery of such car by the company.

The plaintiff testified that he had the cattle in a pasture about 8 or 9 miles from the railroad station from which shipment was to be made; that it would take 4 or 5 hours to drive the cattle from the pasture they were in to the station. He did, in fact, finally ship these cattle in a car furnished by the company. This is a sufficient compliance with the requirements of article 6680, Vernon's Sayles' Texas Civil Statutes 1914, as to showing ability to deliver such cattle within the time he made demand for the car. T. & P. Ry. Co. v. Taylor (Tex. Civ. App.) 118 S. W. 1097, 1099; Id., 103 Tex. 367, 126 S. W. 1117, 1200; T. & P. Ry. Co. v. Smith (Tex. Civ. App.) 118 S. W. 1118, 1119.

[4] Appellant complains of the refusal of special issues Nos. 3 to 6 by the trial court, in which it requested the court to submit the issues "relating to whether the defendant furnished the car in question within a reasonable time, whether it used ordinary diligence in furnishing same, whether there was a shortage of cars on its line of railway at the time the car in question was ordered and up to the time the same was furnished, and if a shortage was what brought about the same, and whether the same was caused by the shopcraft railway strike."

The trial court submitted to the jury the question as to whether or not the Railway Company exercised ordinary diligence in furnishing the stock car demanded by plaintiff, which was answered "No" by the jury; and also submitted to them an issue as to whether or not the delay in furnishing such car was caused by a strike on defendant's line, which they also answered "No." The trial court also gave an explanatory instruction that it was necessary for the company to use ordinary diligence in endeavoring to procure the car in question, and further defined "ordinary diligence" as being "common, ordinary exercise of prudence or care which a man or concern in general asserts with respect to their own concerns under the same or similar circumstances."

The trial court, at the request of the defendant, gave the following general charge as a special charge:

"Gentlemen of the jury, in this case you are instructed, as a part of the law in this case, that the defendant is allowed three days after said order was placed, under the statutes, in which to furnish any person ordering a car in writing and making a tender of one-fourth of the freight charges due thereon; and if the defendant fails to furnish said car within said time and does not render a legal excuse for the same, which said excuse is hereinafter defined, then said defendant will be liable for a penalty of $25 per day for each day from the expiration of said three days until the same is furnished. And you are further instructed that if the defendant has pleaded and proved that the fact of any public calamity such as a strike or other cause not within their power to prevent, which renders it impossible for the defendant to comply with said order or demand, that the same is a legal defense for the failure to furnish said car or cars within the time required by law, and when proven by a preponderance of the evidence by the defendant.

"And now bearing in mind the foregoing instructions, if you find and believe from the evidence that the defendant in this case did have a legal excuse for not furnishing the car in question within the time required by law, if you have found that it did fail to so furnish said car, then and in that event you are instructed that the defendant had a reasonable time under the law in which to furnish said car, and if you find that they did so furnish said car within a reasonable time, taking into consideration said strike, if any, you found there was on said defendant railway line, and you further find that the same affected the delivery of said car, and you further find that the said defendant Railway Company used ordinary diligence in the procurement and furnishing said car, and that the same was within a reasonable time."

It will be seen that nearly all the issues requested were submitted in this special general instruction. However, the question of reasonable time does not apply to this case. The statute fixes a time and places a penalty for its violation, subject to legal defenses for failure to comply with the demand. The jury having, under the above-noted instructions of the court, found that the Railway Company did not exercise ordinary diligence in furnishing the stock cars demanded by plaintiff, and that the delay in furnishing same was not occasioned by a strike, being supported by the evidence, is a full answer to the last-named propositions, hence they are overruled.

[5] Appellant raises the question of the constitutionality of this penalty statute. We hold, under authority of T. & P. Ry. Co. v. Taylor, supra, by the Court of Civil Appeals, and same case, supra, by the Supreme Court, that the statute is not in violation of either the Constitution of the state of Texas or of the United States.

Having considered all of the assignments and propositions advanced by appellant, we overrule them and affirm the judgment of the trial court.