## W. T. AND S. T. TAYLOR v. J. W. BROWN.
### No. 610.

1. **Title by Limitation—Case in Judgment.**—In 1866, Brown bought from Galbraith a quarter of the Ingram league. Galbraith bought it in 1857, and cleared and put in cultivation a field on the southwest end of the tract, which has been in actual use and cultivation by himself and Brown ever since, up to 1883. In 1883 defendants bought 100 acres out of the Edwards·league, which adjoins the Ingram on the southwest, from one S., and had a surveyor run out the league line, and in accordance with this survey moved their fence and .took in ninety-seven acres of the old Galbraith field, and have been in possession of it ever since. March, 1885, Brown sued defendants for the land, describing it as a part of the Ingram league, alleging their ouster by defendants, giving the field notes· found in the deed under which he held, and asserting title to it by twenty-five years' adverse possession and limitation. Defendants by answer claimed under the five years' limitation, adverse possession beginning in 1883. By amended petition filed in 1891, Brown repleaded title by limitation, and in describing the land, called for distance to the southwest extending beyond the call for southwest boundary of the Ingram league, and going out to the old Galbraith field fence. *Held,* the amended petition set up a new cause of action, and the title of defendant under his plea of five years' limitations was good to all of the disputed land within the Edwards league.

2. **Agreement of Counsel.**—When it was agreed between counsel for plaintiff and defendants that there was no conflict of title in the case, but merely a question of boundary, and that each party held their land by valid title, but the agreement also provided that either party might plead and prove the laws of limitation so far as applicable or relevant, there was no error in receiving evidence to show title in plaintiff by limitation.

3. **Limitation—New Suit.**—The description contained in the amended petition, upon which the recovery was had, includes land clearly not included in the original petition, and as to so much of the land described in the amended petition as lay beyond the boundaries given in the original petition, the cause of action was a new one, and the statute of limitation pleaded by the defendants was not interrupted as to that part of the land by the filing of the original petition.

ON MOTION FOR REHEARING.

4. **File Mark on Pleading.**—When there was no satisfactory evidence that a pleading not marked filed had in fact been filed, the trial court was justified in not considering it as a pleading in the case, although it was in the papers at the time of trial, and had been answered by defendants.

5. **Limitation of Five Years—Privity of Title.**—Defendants bought the land from S. in 1883, and also one-third of the Edwards league from the heirs of Edwards. In a partition of the Edwards league in 1888 between the Edwards heirs and defendants, the deed from S. to defendants was ignored, but the same tract bought by defendants from S. was allotted to them in the partition. *Held*, there is privity of title between the S. deed and the partition sufficient to support title under the five years' limitation.

APPEAL from Wharton. Tried below before Hon. T. S. REESE.

*G. G. Kelly, W. S. Brooks,* and *Hume & Kleberg,* for appellants.—1. The court erred in admitting, over the objection of defendants, evidence of plaintiff in support of the plea of title by limitation urged by plaintiff; because by the terms of the written agreement of the parties filed in this cause such proof should have been limited in its effect, and should have been considered only as a circumstance bearing on the question of boundary, and should not have been admitted to prove title—this being, by agreement of parties, a suit to settle a disputed boundary, and not a suit to settle the title. Floyd v. Rice, 28 Texas, 342, 343; Freeman v. McAninch, 24 S. W. Rep., 922, 925, 926; Bird v. Pace, 26 Texas, 490; Bird v. Montgomery, 34 Texas, 714–716; Spence v. McGowan, 53 Texas, 35; Carley v. Parton, 75 Texas, 103; Abbott's Trial Ev., 711, subdiv. 3 of note 5; Gratz v. Beales, 45 Pa. St., 499, 504, 505.

2. The court erred in concluding that plaintiff's second amended original petition, filed on April 24, 1891, did not set up a new cause of action from that set up in plaintiff's original petition; because in said original petition plaintiff did not sue for nor assert title or claim to any land beyond the southwest boundary line of said Ingram league, but, by the terms of the description of the land sued for, expressly limited the land sued for by such southwest boundary line of said league; and in said original petition plaintiff did not in any manner claim title to the land previously fenced and cultivated by plaintiff, but limited his claim as stated to land bounded by a line running with said southwest boundary line of the Ingram league. Sayles' Texas Plead., ed. 1893, sec. 515; Freeman v. McAninch, 24 S. W. Rep., 925; Jones v. Andrews, 72 Texas, 12, 13; Spence v. McGowan, 53 Texas, 32, 33, 36; Floyd v. Rice, 28 Texas, 342, 343; Bird v. Pace, 26 Texas, 490, 491; Bird v. Montgomery, 34 Texas, 714–716; San Patricio v. Mathis, 58 Texas, 242, 243; Barbee v. Stinnett, 60 Texas, 167; The Governor v. Burnett, 27 Texas, 36, 37; Bell v. McDonald, 9 Texas, 381; Williams v. Randon, 10 Texas, 79, 80; McMillan v. Jones, 66 Texas, 101, 102.

If second amended original petition of April 24, 1891, presented a new cause of action, limitation in defendant's favor, beginning to run in December, 1883, was not interrupted by original petition of March 17, 1885. Wiebusch v. Taylor, 64 Texas, 55; Woods v. Huffman, 64 Texas, 99, 100; Ross v. Kornrumpf, 64 Texas, 393; The Governor v. Burnett, 27 Texas, 37; Jones v. Burgett, 46 Texas, 290; Williams v. Randon, 10 Texas, 78–80; Bell v. McDonald, 9 Texas, 381; Henderson v. Kissam, 8 Texas, 52, 53; Whitehead v. Herron, 15 Texas, 128; Connoly v. Hammond, 58 Texas, 20–22; Woolridge v. Hathaway, 45 Texas, 380; Haddock v. Crocheron, 32 Texas, 279; McLane v. Belvin, 47 Texas, 499–502; Railway v. Scott, 75 Texas, 84; Koschwitz v. Healy, 36 Texas, 667; McIlhenny v. Lee, 43 Texas, 209; Thouvenin v. Lea, 26 Texas, 614; Sayles' Texas Plead., ed. 1893, sec. 514.

3. The court erred in its third and fifth findings of fact, and its conclusion of law thereon, in holding, that "at the time of the disseizin of plaintiff by defendants, December, 1883, his title to all of the land, to wit, 97¾ acres, was complete and perfect under the statutes of limitation of ten years, and that he is entitled to recover this land of defendants." Sayles' Civ. Stats., arts. 3198, 3199; Chance v. Branch, 58 Texas, 492, 493; Blassingame v. Davis, 68 Texas, 598; Bracken v. Jones, 63 Texas, 188; Ward v. Cochran, 150 U. S., 608, 609; Hockshouse v. Hartwig, 81 Mo., 648; Winn v. Abiles, 35 Kan., 85; Crawford v. Ahrens (Mo.), 15 S. W. Rep., 342, 343, citing approvingly Schad v. Sharp, 95 Mo., 578, and Jacobs v. Moseley, 91 Mo., 462; Tied. Real Prop., sec. 699, p. 536, note 2.

*A. B. Peticolas, E. Howes,* and *Willie, Campbell & Ballinger,* for appellee.—1. Replying to the first assignment of error and the propositions thereunder, appellee makes the following counter-propositions:

(1) There was no error in admitting proof of limitation, because the agreement was, that either party might plead and prove the laws of limitation so far as the same were relevant, and the agreement, if construed as contended for by appellants, would add to the language of the agreement after the last clause of it, the words, "on the subject of boundary."

(2) The issue was not properly made. Proof under pleadings not excepted to is generally admitted, if the evidence offered is relative to any proper issue made by the pleadings. If appellant relied on the construction now contended for, he should have excepted to that part of the original petition which set up title by limitation, upon the ground that the agreement made that issue irrelevant, and moved to strike it out. Not having done so, it is too late, when proof under it is offered seven years afterwards, to ask that the evidence be excluded.

(3) Because if they had insisted by exception on the construction of the agreement now contended for, and their contention had been sustained, it would have been the right and duty of the court to have heard and considered and sustained a motion by the appellee to set

aside the agreement upon the ground that it was improvidently made, and deprived appellee of a material defense, and upon the ground that thereby the appellants could not have been damaged; as was done in Porter v. Holt, 73 Texas, 447, a case exactly similar to this.

Even if the issue in the case had been one of boundary alone, the evidence would have been relevant and proper, because boundary may be proved by limitation and long possession up to the disputed line.

Limitation is evidence of boundary: Bolton v. Lann, 16 Texas, 113, 114; Medlin v. Wilkins, 60 Texas, 413; Lagow v. Glover, 77 Texas, 451; Bohny v. Petty, 81 Texas, 528; Bruce v. Washington, 80 Texas, 369; Hand v. Swan, 1 Texas Civ. App., 241; Floyd v. Rice, 28 Texas, 341.

Ten years' possession is good as a patent: Moody v. Holcomb, 26 Texas, 714; Bridges v. Johnson, 69 Texas, 717.

Sufficiency of pleadings can not be called in question by exceptions to the evidence; Black v. Drury, 24 Texas, 289, 291; Hays v. Samuels, 55 Texas, 562; Holstein v. Adams, 72 Texas, 489; Railway v. Jones, 1 Texas Civ. App., 372.

An agreement may be set aside when no harm is done to opposite party: Porter v. Holt, 72 Texas, 447; McCain v. Sheeks, 68 Texas, 426; Hancock v. Winans, 20 Texas, 321.

2. When exclusive continuous adverse possession up to a boundary line, which has all the time been plainly marked by a fence, is shown for a period of twenty-five years (a period exceeding the period of prescription at common law), such adverse possession is conclusive evidence that the boundary so marked is the true boundary. Bolton v. Lane, 16 Texas, 113, 114; Floyd v. Rice, 28 Texas, 341, 344; Medlin v. Wilkins, 60 Texas, 413; Lagow v. Glover, 77 Texas, 451; Bohny v. Petty, 81 Texas, 528.

3. The court did not err in awarding the land to appellee. He showed perfect title to it under the ten years' statute of limitation, as good as a patent, up to a clearly marked boundary. Hand v. Swan, 1 Texas Civ. App., 241; Bolton v. Lann, 16 Texas, 113; Floyd v. Rice, 28 Texas, 344; Medlin v. Wilkins, 60 Texas, 413; Lagow v. Glover, 77 Texas, 451; Bruce v. Washington, 80 Texas, 369; Bohny v. Petty, 81 Texas, 528; Moody v. Holcomb, 26 Texas, 714; Bridges v. Johnson, 69 Texas, 717.

4. Plaintiff's amended petition, filed April 24, 1891, did not set up a new cause of action. The original petition suspended the statutes of limitation as to defendant. The land sued for in the original petition and the land described in the amended petition were substantially the same land. An amendment which corrects the field notes of the land sued for, and more accurately describes it, does not set up a new cause of action, although the amended description may appear to include more land than was originally described, if it appears that the land was substantially the same. Sayles' New Plead., secs. 510, 515, 516; Jones v. Burgett, 46 Texas, 290; Henry v. Whitaker, 82 Texas, 5; Lewis v. Dennis, 54 Texas, 487; Spencer v. McCarty, 46 Texas, 213.

5. The question as to whether the second amended petition set up a new cause of action or not is a question which it is unnecessary to decide. The court below should have allowed the first amended petition to be filed nunc pro tunc, and should have considered it as a pleading in the case. If that petition was properly a pleading in the case, then there could be no contention that the statute of limitations was not interrupted as to the defendants, and their plea of limitation (in view of which alone the question becomes material) would have been effectually eliminated from the case. Leave was obtained from the court to file an amendment before the amended petition was filed. The defendant in his answer made answer to the first and second amended petition.

GARRETT, CHIEF JUSTICE.—J. W. Brown filed his original petition of trespass to try title in the District Court of Wharton County, on March 17, 1885, to recover of the appellants a certain tract of land described in the petition as one-fourth league number 12, known as the Seth Ingram league, on the San Bernard River, as well as by metes and bounds, which embraced only land wholly within the Seth Ingram league. Plaintiff also averred, that he and those persons under whom he claimed, claiming to have good and perfect right and title to the land, had held peaceable, continuous, exclusive, and adverse possession thereof for a period of more than twenty-five years before the entry of defendants, and prayed that a surveyor be appointed and ordered to make a survey, marking the lines and showing what part of plaintiff's land the defendants had fenced, etc. The defendants were claiming a tract of land adjoining plaintiff's land, situated in the Edwards league. On October 22, 1885, plaintiff and defendants, by their attorneys, entered into a written agreement, which, in addition to stipulations for a survey of the land, as to the surveyor's report, and as to record evidence, contained the following: " It is hereby agreed, that there is no conflict of title in this case, but merely a question of boundary; that plaintiff owns his land in the Ingram league number 12 by valid title, and defendants own their land in the Edwards league by valid title, and the subject of the dispute is to fix the true dividing line between said two leagues, which is the boundary between plaintiff and defendants." Also: "Either party may plead and prove the laws of limitation, good faith, and valuable improvements so far as applicable or relevant, and also value of use and occupation, and damages." April 24, 1891, plaintiff filed a second amended original petition, in which he claimed title to the land by the statute of limitation of five and ten years, but in describing the same the calls for distance to the southwest and to the northeast were extended beyond the original calls, and were not limited by the southwest boundary of the league, as in the original petition. The defendants answered, that there was no conflict of title, but of boundary only, between the parties, the issue being the location of the dividing line between the Ingram and Edwards leagues, plaintiff's land lying in the Ingram and

defendants' land in the Edwards. They also pleaded facts with reference to the fixing of the line claimed by defendants, by which they averred plaintiff was estopped to claim a different line, the statute of five years' limitation, and improvements in good faith.

It is shown by the evidence that on December 4, 1866, plaintiff and one Williams bought from E. D. Galbraith the one-quarter of a league allotted to Nancy Thompson in the partition of the Seth Ingram league, which was described in the deed as in plaintiff's original petition. Galbraith bought from Nancy Thompson in 1857. After Galbraith bought he cleared a field on the southwest end of the tract and put it in cultivation, and the fence on the southwest side of this field is the line to which plaintiff claims. Defendants, claiming land on the Edwards league in 1883, procured a surveyor to run out the league line, and in accordance with this survey moved up their fence and took in their inclosure about ninety-seven acres of the old Galbraith field, which had been in the possession of plaintiff and his vendor for more than twenty years. Defendants have remained in possession of that portion of the old Galbraith field fenced in by them ever since 1883, under a deed duly recorded, having paid all taxes. The case was tried below without a jury. The court rendered judgment for the land in controversy up to the old field fence in favor of plaintiff upon his title by limitation, holding that the filing of plaintiff's original petition interrupted the statute of limitations running in favor of the defendants. Upon the question of boundary, the trial judge found that he was unable to ascertain the boundary, but that it was not nearer the old Galbraith field fence, to which plaintiff recovered, than 450 varas.

Complaint is made here of the admission of evidence by the court below to prove title in plaintiff by limitation, it being claimed that he is precluded from doing so by the agreement between the parties above mentioned, it being contended that the agreement restricts the issues to one of boundary. It is true that the first part of the agreement appears to make the restriction as contended, but when construed with the latter part with respect to limitation, its force is only to relieve the parties from the necessity of proving up title to the lands claimed by them within the respective leagues. The language of the reservation as to limitation is to "prove the laws of limitations" as far as applicable. While proof of lapse of time in connection with possession to a boundary and acquiescence therein is admissible to prove boundary, still there is no fixed period of limitation that would do so, and the laws of limitation are not applicable to a question of boundary. So there was no error in receiving the evidence to show that the plaintiff had title by limitation. It was authorized by the pleading, and was not in contravention of the agreement.

But the court erred in holding that the statute of limitation already in operation in favor of the defendants was interrupted by the filing of the original petition. The description contained in the second amended original petition, upon which the recovery was had, includes

land clearly not included in the original petition. It includes, in addition to the land described therein, all of the land recovered to the southwest of the Ingram southwest boundary, the latter description extending the lines running southwest several hundred varas, and ignoring the call for the Ingram southwest boundary, and extending several hundred varas beyond it. As to so much of the land described in the second amended original petition as lay beyond the boundary, the cause of action was a new one.

The evidence showed that Brown claimed the old field fence as the boundary in claiming to the boundary, hence his claim was such as would be requisite to support the statute of limitation. There was not sufficient evidence to support the plea of estoppel.

For the error of the court in holding that the statute of five years' limitation which had commenced to run in favor of the defendants was interrupted by plaintiff's original petition, the judgment of the court below will be reversed, because the full term of five years ran before the filing of the second amended original petition. This view of the case makes it at last one of boundary, as far as presented by the record, for the limitation running in favor of defendants was interrupted by the original petition as to all the land included in the Ingram league. But, as the court failed to ascertain the boundary, the cause must be remanded for another trial.

*Reversed and remanded.*

Delivered September 13, 1894.

### ON MOTION FOR REHEARING.

GARRETT, CHIEF JUSTICE.—In giving our reasons for reversing the judgment of the court below in this case, we did not deem it necessary to discuss the two questions presented in the motion for rehearing as having been passed over by this court in the opinion.

1. The evidence with regard to the depositing with the clerk of the pleading styled first amended original petition, utterly fails to show that it was done within five years from the time defendants took possession of the land under their deed from J. H. Shapard, and the finding of the court below that there was no satisfactory evidence to justify its being considered as a paper filed in the case, could not have been otherwise.

2. Defendants claimed the land under a deed from J. H. Shapard, executed September 2, 1883.

The defendant W. T. Taylor testified: "I went into possession of this portion under my deed from Shapard, and have held possession under this deed ever since, having always claimed the identical land conveyed to me by Shapard. I bought one-third of the Edwards league from the heirs, and also the 100 acres from Mr. Shapard, but afterwards it was found that in the first partition of the league, made before my purchase from Shapard and from this heir, that one heir was left out,

and since this suit was brought there has been another partition, and each of us had to lose some land to make up the interest of this other heir, and they ignored my deed from Shapard entirely. In this second partition, the court set apart to me the part of the Edwards league of land conveyed to me by Mr. Shapard. The land sold to me by Shapard is the same land that Dr. Brown is now suing for."

Notwithstanding the statement of the witness that the deed from Shapard was ignored entirely, it is very clear that the defendants were holding the land in controversy at least as tenants in common under the Shapard deed, and that the identical land was set apart to them in the partition, which was proper, if it could be done with due regard to the rights of others. We think, therefore, that the contention in the motion for rehearing, that there was a want of title in the Taylors sufficient to support the plea of five years' limitation, is not sustained by the evidence. There is a privity of title between the Shapard deed and the partition.

The motion for rehearing will be overruled.

*Motion overruled.*

Delivered October 18, 1894.