SCHOONMAKER v. CLARDY et al.
(No. 1027.)

(Court of Civil Appeals of Texas. El Paso. Feb. 5, 1920. Rehearing Denied March 11, 1920.)

1. CONTINUANCE ⬥═⬤6 — PROPERLY DENIED WHERE CASE PENDING ELEVEN YEARS.

Where plaintiff voluntarily invoked the jurisdiction of the court, and the case has been pending for 11 years, the court properly denied his motion for continuance on ground that it was uncertain whether land in question was in the United States or Mexico, and that the case should be deferred until report of joint boundary commission should fix true boundary.

2. COURTS ⬥═⬤37(3)—ONE WHO INVOKES JURISDICTION CANNOT QUESTION IT.

Plaintiff who alleges in his petition that the land in controversy is in El Paso county, Tex., is not in a position to question the jurisdiction of the district court of such county over the subject-matter.

3. APPEAL AND ERROR ⬥═⬤499(3)—BILL OF EXCEPTIONS MUST DISCLOSE OBJECTIONS MADE TO TESTIMONY.

Where bill of exceptions to exclusion of testimony fails to disclose the objections made to the evidence, the action of the trial court in the matter cannot be reviewed.

4. APPEAL AND ERROR ⬥═⬤1068(3) — ERROR IN INSTRUCTIONS HARMLESS WHERE NO OTHER JUDGMENT THAN THAT RENDERED COULD BE GIVEN.

Where, under the evidence, no judgment could properly have been rendered except for appellees, any error with respect to instructions was harmless.

5. TRESPASS TO TRY TITLE ⬥═⬤6(1)—PLAINTIFF MUST SHOW TITLE OR PRIOR POSSESSION.

In trespass to try title, plaintiff must show title in himself from the sovereignty, title by limitation, or such prior possession as entitles him to recover.

6. TRESPASS TO TRY TITLE ⬥═⬤41(1)—EVIDENCE INSUFFICIENT TO SHOW PRIOR POSSESSION OF PLAINTIFF.

In trespass to try title, evidence held not to show that plaintiff had prior and continuous possession, by virtue of which he was entitled to recover.

7. TRESPASS TO TRY TITLE ⬥═⬤41(1)—TITLE OR PRIOR POSSESSION OF PLAINTIFF'S PREDECESSORS NOT SHOWN.

In trespass to try title, held that plaintiff was not entitled to recover by virtue of prior possession of alleged owners from whom he claims to have purchased, or by virtue of title acquired by such owners under the 10-year statute (Vernon's Sayles' Ann. Civ. St. 1914, art. 5675).

8. ADVERSE POSSESSION ⬥═⬤114(1)—TITLE UNDER TEN-YEAR STATUTE SHOWN.

In trespass to try title, undisputed evidence held to show that defendants had title by the ten-year statute of limitations (Vernon's Sayles' Ann. Civ. St. 1914, art. 5675).

9. LIMITATION OF ACTIONS ⬥═⬤127(12)—WHERE PETITION DOES NOT IDENTIFY LAND LIMITATION CONTINUES TO RUN UNTIL AMENDMENT PROPERLY DESCRIBING LAND.

Where description of land sued for in original petition does not identify the grant in which it is situated, and the first and second amendments describe a different tract of land and embrace no part of the land described in trial amendment, except a small triangular tract, limitation continued to run in favor of defendants until filing of trial amendment.

Appeal from District Court, El Paso County; P. R. Price, Judge.

Action by W. F. Schoonmaker against Allie D. Clardy and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Jno. F. Weeks, Chas. Owen, and M. M. Winningham, all of El Paso, for appellant.

C. L. Galloway, Turney, Burges, Culwell, Holliday & Pollard and Davis, Goggin & Loftus, all of El Paso, for appellees.

HIGGINS, J. On May 8, 1908, appellant, Schoonmaker, filed his original petition in this case. The action was in trespass to try title, the land being described as follows:

"Situated in El Paso county, state of Texas, and more particularly described as follows, to wit: Beginning at S. E. corner of Severiano Treijillos land, at a stake measuring west 1,100 feet, to twin cottonwood trees; thence in a southwesterly direction 600 feet to a stake at the S. turn of Camino Real; thence southwesterly 1,574 feet to a stake along Camino Real; thence due E. 200 feet to a stake; thence due north 668 feet to a stake; thence due west 1,000 feet to a stake; thence due north 138 feet to a stake; thence due east 1,000 feet to a trimmed cottonwood tree; thence due north 600 feet to place of beginning—containing seventy (70) acres of land, more or less. * * *"

Defendants answered on August 25, 1908, by general denial and plea of not guilty. By amended answer later filed defendants also pleaded the 3, 5 and 10 years statutes of limitation. By first amended petition filed April 7, 1917, the land sued for was described as follows:

"Situated in El Paso county, state of Texas, more particularly described as follows, to wit: A tract of land situated along the north

bank of the Rio Grande and south of Valverde station, on the Rio Grande Electric Railway. Beginning at a stake set for the N. W. corner of this survey, from said point the N. E. corner of the Elijah Bennett survey No. 11 bears due north 3,380 varas; thence S. 6° 30′ E. 942 varas to a stake set on the north bank of the Rio Grande the S. W. corner of this survey; thence due east along the north bank of the Rio Grande 724 varas to a stake set for the S. E. corner of this survey; thence N. 15° 30′ W. along the east boundary line of this survey 1,060 varas to a stake set for the N. E. corner of this survey; thence N. 81° 30′ W. 389.90 varas to a stake; thence N. 48° 30′ W. 215.60 varas to the place of beginning—containing 117 acres, more or less."

By second amended petition filed March 22, 1919, the land was described as follows:

"Situated in the county of El Paso, state of Texas, which land was formerly situated in the republic of Mexico before the change of the river in 1898, and is more particularly described as follows, to wit: A tract of land situated along the north bank of the Rio Grande, and south of Valverde Station, about one mile southerly from the Rio Grande Electric Railroad Company's tract, and beginning at a stake set for the N. W. corner of this survey, from said point the N. E. corner of Elijah Bennett's survey No. 11 bears due north 3,380 vrs. * * *"

From this beginning point the field notes given are the same as in the first amended petition.

By trial amended petition filed March 31, 1919, the description of the land was amended so as to describe the same as follows:

"Situated in El Paso Co., Texas, and beginning at a stake set for the northwest corner of this survey, from said point, the northwest corner of the Elijah Bennett survey No. 11 bears due north 3,380 varas. * * *"

From this beginning point the field notes given are the same as in the first and second amended petition.

The Elijah Bennett surveys Nos. 11 and 12, referred to in the foregoing descriptions, adjoin each other; No. 11 being the westerly survey. It was agreed that the legal title to survey No. 11 was in the defendants. Survey No. 11 was surveyed July 6, 1854, and was patented by the state February 26, 1861. The field notes are as follows:

"Beginning at a stake the southeast corner of survey No. 8; thence north 2,242 varas to a rock mound; thence east 672 varas to a rock mound, thence south 3,134 varas to a stake on the bank of the Rio Grande from which a bunch of Tornillo bear north 44 degrees west 10 varas; thence up the Rio Grande with its meanders to the place of beginning. * * *"

## Opinion.

Appellant presents a number of assignments but the questions thereby presented resolve themselves into four propositions, which appellant in his argument thus summarizes:

"First. The trial court erred in overruling appellant's motion for a continuance.

"Second. That the trial court erred in striking from the record on appellees' motion the depositions of Lucero and the two Zambranos and Gomez and portions of the depositions of J. A. Lowe.

"Third. The trial court erred in refusing to submit to the jury for their consideration and findings the ten year statute of limitation.

"Fourth. The court erred in refusing plaintiff's special issues which were submitted. These issues raised the question of the statute of limitation."

[1] Considering same in the order presented, we are of the opinion that the overruling of the motion for continuance presents no error. Appellant contended that the land in controversy was originally situate in Mexico; that the channel of the Rio Grande river, as it originally ran, was the north boundary line of the land, and that some years ago the river suddenly shifted southward to its present location. The ground of the motion for continuance was that it was uncertain whether the land was in the United States or Mexico, the boundary line between the two countries at this point being in dispute, and that the trial of the case should be deferred until the report of the joint boundary commission should fix the true location of the line.

[2] The plaintiff's petition alleges that the land is in El Paso County, Tex., and he is not in a position to question the jurisdiction of the district court over the subject-matter. He voluntarily sought and invoked the jurisdiction of that court for the recovery of the land. The case had been pending for 11 years. The defendants had the right to insist upon termination of the litigation, and, in view of the length of time the case had been pending, the trial court was well warranted in overruling the application for further delay. Cordova v. Grant, 248 U. S. 413, 39 Sup. Ct. 138, 63 L. Ed. 334.

[3] The bills of exception taken to the exclusion of the testimony of the witnesses Lucero, Gomez, Lowe, and Zambranos fail to disclose the objection made by the defendants to the evidence, and under the well-settled rule the action of the trial court in this matter cannot be reviewed. Lumber Co. v. Railway Co., 106 Tex. 12, 155 S. W. 175; Johnson v. Crawl, 55 Tex. 571; Railway Co. v. Jarrell, 38 Tex. Civ. App. 425, 86 S. W. 632; Grinnan v. Rousseaux, 20 Tex. Civ. App. 19, 48 S. W. 58, 781; Hall v. Ray, 179 S. W. 1135, and numerous other cases to the same effect. In the condition of the bills, this court is not advised of the objections made to the testimony, but there were some objections which might have been urged, and we presume were urged. For example, some of the testimony was based

upon hearsay; some of it embodied conclusions. The testimony of the witnesses was taken by depositions, and the interrogatories referred to the land described in the first and second amended petition. This was different land from that described in the trial amendment, and therefore the testimony of the witnesses with respect to possession by plaintiff's grantors of the land described in the first and second amendments was irrelevant. Furthermore, under the view of the case hereinafter indicated, the testimony, if admitted, could not have affected the final result. In the condition of the record the ruling upon the testimony of these witnesses presents no error.

[4] The third and fourth propositions advanced by appellant involve the merits of his suit. Our conclusion is that under the evidence no judgment properly could have been rendered, except for defendants. This being true, any error of the court with respect to his instructions was harmless. See cases cited 1 Enc. Dig. 848; 849. The considerations which lead to the conclusion that this was the only proper judgment which could be rendered are as follows:

[5] The burden rested upon the plaintiff to show title in himself from the sovereignty of the soil, title by limitation, or such prior possession of the property as would entitle him to recover against the defendant.

It is not pretended that plaintiff has a paper title from the sovereignty. He claims to have acquired the land by deeds from the Mexican owners, claiming that the land was Mexican soil prior to the year 1898, when by a sudden change of the Rio Grande it was left to the north of that stream instead of to the south as formerly. The plaintiff did not offer to show that the persons from whom he claimed to have purchased had any paper title. He only offered in evidence a copy of a deed to himself, purporting to have been signed by Felix Lucero and wife, dated November 9, 1906. Plaintiff offered in evidence no other written instrument tending to show title in himself or those under whom he claimed, though he testified that he had deeds from other Mexican owners which had been destroyed by fire. He claimed under no deed of record in this county or elsewhere so far as the evidence discloses, and never at any time paid any taxes. Title from the sovereignty and by virtue of the 3 and 5 years statutes of limitation is thus entirely eliminated. He must predicate his right of recovery upon prior possession or the 10-year statute of limitation.

[6] There is no claim that plaintiff himself had adverse possession of the land for a sufficient length of time to acquire title, but he does claim that he had a prior possession by virtue of which he is entitled to recover. There is testimony that shortly prior to and subsequent to the time he claims to have purchased from the Mexican owners he went in person upon the land several times. These visits to the land were merely casual, and in no sense constituted possession. He testified that he started to inclose the land, but never completed the fencing; that before he completed inclosing the same he was called away. Schoonmaker testified:

"I built this fence in 1907, but never entirely completed it. It is a fact that while I was down there building that fence that Mrs. Clardy came down there and told me that was her land, and that I must leave. I left after that, but not on that account, I was called away; I was a railroad man, and I was ordered back to work that night and had to go. I never completed the fence, was not able to get away from work for over 90 days. When Mrs. Clardy told me that was her land, I told her I bought that land and paid for it. She told me that she wanted me to desist from building that fence, and I did it. * * * Mrs. Clardy came down there and told me she owned the land. She told me to quit fencing it. I did not quit fencing it on that account, as I said I was ordered back to work that night, and was unable to get off for a long time afterwards. I had put up all the fence I put up at that time. No one has built any fences there since then. Mrs. Clardy claiming the land did not have anything to do with putting the other wires on the fence; if I had not returned to work I would have completed it. * * * After Mrs. Clardy told me that she owned the land I did nothing with the land. I never cultivated the land. I was unable to do anything more with the land."

This testimony shows that Schoonmaker's possession, if indeed he can be regarded as having acquired actual possession, was casual, and such as it was he voluntarily abandoned it. Under the authorities we do not regard Schoonmaker as having had such prior and continuous possession as would enable him to maintain the action against the defendants. Conn v. Marshburn, 169 S. W. 1113; Wilson v. Palmer, 18 Tex. 592; Hooper v. Acuff, 159 S. W. 934.

[7] The question then arises as to his right to recover by virtue of prior possession of the alleged Mexican owners from whom he claims to have purchased or by virtue of title acquired by those owners under the 10-year statute of limitation. Vernon's Sayles' Ann. Civ. St. 1914, art. 5675. It would be useless to quote the evidence offered by plaintiff in this connection. Suffice it to say, that it wholly fails to show with any degree of certainty such possession of the particular land sued for in the trial amended petition as would authorize a recovery upon the theory of prior possession by the alleged Mexican owners sufficient to maintain the action or to show title in them under the 10-year statute.

[8] We are of the further opinion that the undisputed evidence in this case shows that defendants have title by the ten-year statute

of limitation. The defendants acquired title to survey No. 11 long prior to the time plaintiff claims to have purchased the land in controversy from the alleged Mexican owners, and prior to the time he claims to have taken possession by building a fence partially around the land. The undisputed evidence shows that prior to and since 1907 the defendants have been in possession of the land in controversy by tenants who cultivated the same. They paid all taxes upon the land as they accrued. The evidence shows that defendants have had peaceable and adverse possession of the land by tenants since 1907, claiming title to all of the lands to the river, and have thus acquired title under the 10-year statute, unless their peaceable possession was interrupted by the filing of this suit.

[9] The description of the land sued for in the original petition does not identify the grant in which it is situate. The field notes do not close, and according to the testimony they identify and describe nothing. The surveyor, Montijo (plaintiff's witness), testified they did not describe anything. The first and second amendments describe a different tract of land, and embrace no part of the land described in the trial amendment, except a small triangular tract in the southeast corner which is not identified. In this condition of the pleadings it seems that limitation continued to run in favor of the defendants until the filing of the trial amendment on March 31, 1919. Henry v. Whitaker, 82 Tex. 5, 17 S. W. 509; Taylor v. Brown, 8 Tex. Civ. App. 261, 27 S. W. 911; Bowles v. Smith, 34 S. W. 381.

For the reasons indicated, all assignments are overruled, and the judgment affirmed.