**STANOLIND OIL & GAS CO. v. STATE.**

No. 9098.

Court of Civil Appeals of Texas. Austin.

July 2, 1941.

Turner, Rodgers & Winn and George S. Terry, all of Dallas (Donald Campbell, of Tulsa, Okl., of counsel), for appellant.

Gerald C. Mann, Atty. Gen., and R. E. Kepke, D. D. Mahon, and James Noel, Asst. Attys. Gen., for appellee.

BAUGH, Justice.

Appeal is from an order of the trial court overruling appellant's plea of privilege to be sued in Pecos County where the land involved lies. The sole question presented is whether the 1939 amendment to Art. 5420, R.S.1925, Acts 1939, 46th Leg., p. 464, § 1, Vernon's Ann.Civ.St. art. 5420, requires the venue of the pending suit, in so far as the Stanolind is concerned, to be changed from Travis County to Pecos County.

Suit was originally filed by the State on April 11, 1939, in the District Court of Travis County, against I. G. Yates and 24 other named defendants in trespass to try title to certain described lands in Pecos County; to reform the patent to Survey No. 3, Runnels County School Land; for partition; and for damages. It was brought under Art. 5420, R.S., which authorized venue, at the election of the State, either in Travis County, in the county where the land was situated, or in the county of the defendant's residence. As and when brought venue undoubtedly lay, both as to the subject matter and the then defendants, in Travis County.

On May 10, 1939, House Bill 359, amending Art. 5420, became effective. This amendment provided that thereafter all such suits "must be brought in the county in which the land, or any part thereof may lie." There was added to this provision, however, the following: "Nothing in this Act shall affect or apply to any suit or suits pending at the time this Act shall become effective."

Thereafter the State filed its first and second amended petitions making additional parties defendants and changing the field notes originally pleaded so as to include more acreage. In response to a plea in abatement filed by the defendant Gulf Oil Corporation, on December 30, 1939, alleging that the Stanolind and numerous other parties were necessary defendants, the State by third amended petition filed on April 10, 1940, for the first time made the Stanolind a party defendant. The Stanolind thereupon filed its plea of privilege to be sued in Pecos County, which was duly controverted by the State, a hearing had thereon, the plea overruled, and the Stanolind has appealed.

Appellant's four propositions present two contentions:

1. That the third amended original petition of the State, filed on April 10, 1940,

**616**

long after House Bill 359 became effective, wherein appellant was for the first time made a defendant, constituted a new suit against the Stanolind, and as to it, the "must" provision of the amendment to Art. 5420 applies; and that under its plea of privilege the cause, as to it at least, should have been transferred to Pecos County.

2. That the State's third amended original petition included additional lands not included within the field notes set out in the original petition, and that as to these additional lands such amended petition constituted a new suit and required the transfer of the suit as to them to Pecos County.

Neither of these contentions can, we think, be sustained. The language contained in the saving clause of the amendment, excepting therefrom pending suits, is clear and unambiguous. No contention is made but that the venue of the original suit as against the original defendants and as to the subject matter thereof was properly laid in Travis County. The term, "any suit or suits pending," was manifestly used in a broad and generic sense. The mere fact that additional necessary parties were subsequently made to this suit of the State did not change the character of the State's suit nor constitute a new and severable cause of action against such new parties. The grounds for recovery asserted by the State and the relief sought as against all defendants was the same in the amended as in the original petition. Manifestly the same proof, in the main, must be relied upon by the State to establish its title as against the subsequently added parties defendant, as would be necessary against the original defendants. As to the latter the venue is not challenged. It would be attributing to the Legislature a wholly unreasonable and paradoxical intent to say that by such Act it intended to require that, though the same proof be required in each instance, the State, because it impleaded additional necessary defendants, must try the facts and issues as to the original defendants in Travis County, and then go to Pecos County and try the same facts and the same issues as to the other necessary defendants, though its cause of action against all of them was the same. Manifestly, therefore, no severable causes of action were set up in the amended pleadings; and obviously the Legislature never intended to authorize a multiplicity of suits on the same issues.

█ Appellant cites and urges as controlling here numerous cases involving the issue of limitation, holding that the running of the statutes of limitation is not tolled until the parties entitled to the benefit of them are made parties to the pending suit; and that when they are, as to them that amounts to the beginning of a suit. This rule is now settled by numerous decisions, not necessary to cite here, but reviewed with cases cited in the footnotes in 28 Tex.Jur., §§ 108 and 112, pp. 201 and 205. The same is true if the amended pleadings set up a new or different cause of action from that asserted in the former pleadings. These cases, however, have no application to the issue here presented. Limitation does not run against the State and is not here involved. The issue here is one of venue only as relates to additional defendants, wherein the cause of action set up in the amended pleadings is the same as that asserted in the original pleadings. Proper venue in Travis County having admittedly been laid as to the original parties, and as to the cause of action pleaded, the trial court clearly had jurisdiction, under the venue thus acquired, to adjudicate the issues involved as between the State and all necessary parties, though some of them were impleaded after the effective date of House Bill 359. It was still a "suit pending" within the meaning of the exception quoted, not only as to the defendants then parties to the suit, when the amendment became effective, but as to those subsequently impleaded as necessary parties, so long as no new cause of action was asserted by the State. While amended pleadings supersede former pleadings sought to be amended, on the issue of limitation, and whether the amended pleadings assert a new cause of action, the superseded pleadings may, of course, be looked to to determine these questions. See 33 Tex.Jur., § 83, p. 513; 28 Tex.Jur., §§ 118, 119, pps. 214–216; and numerous cases cited in footnotes, p. 215.

██ It is now settled law that a "must" provision in a venue statute controls a "may" provision. It is equally well settled that the venue of suits filed by the State under Arts. 5419 and 5420 is governed by the provisions of those statutes and not by Art. 1995, R.S. Also that but for the saving clause in the amendment above referred to venue in the instant case would lie in Pecos County. But the Legislature mani-

festly never intended by such amendment to require that such "suit" be tried piecemeal, part in Travis County and part in Pecos County, simply because additional necessary parties were impleaded in the Travis County suit after the law became effective.

 Appellant's second contention is that the third amended original petition to which the appellant was first made a party, seeks to recover different lands from those described in the original petition filed by the State; and that as to such additional lands the amended petition constituted a new and different cause of action. If the State had sought in amended pleadings to recover entirely different lands from those described in its original pleadings, this contention would probably be correct. Such is the holding in Schoonmaker v. Clardy, Tex.Com.App., 244 S.W. 124; Bowles v. Smith, Tex.Civ.App., 34 S.W. 381; and Taylor v. Brown, 8 Tex.Civ.App. 261, 27 S.W. 911. But we do not construe the State's pleading in any of its petitions to present such a situation. It is true that in the third amended original petition the State did seek to recover 395.32 acres of land "more or less" instead of 328.09, as alleged in its original petition; and did in said third amended petition change the distances in some of the numerous calls constituting the boundary lines of the land claimed by the State. However, the land as described in all of the State's pleadings was alleged to be "located between the north boundary lines of Sections 101, 102, 103, and 104, T. C. R. R. Company lands in said county and the true south boundary line of Survey No. 3, Runnels County School land," which said description was then followed by the field notes.

It is manifest, we think, from this description, and the purpose of all of said pleadings, that the State was seeking to recover as vacant lands all lands lying between the Railroad Company's surveys and the Runnels County school land; and that the amended pleadings wherein the quantity and field notes were corrected, changed neither the subject matter of the suit, nor the identity of the lands sought to be recovered by the State. That being true, there could be no new cause of action set up in the last amended petition which was not clearly included within the allegations of the petition originally filed by the State. The cause of action asserted in both pleadings therefore was identical and this contention of the appellant cannot be sustained.

Finding no error in the record, the judgment of the trial court is affirmed.